JEREMIAH W. GOLDSMITH, plaintiff in error, *vs.* ELSAS, MAY & COMPANY, defendants in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

1. Where two city lots adjoin, the lower lot owes a servitude to the higher so far as to receive the water which naturally runs from it, provided the owner of the latter has done no act to increase such flow by artificial means.

2. The discretion of the chancellor in granting or refusing an injunction, will not be controlled where the evidence produced before him was conflicting.

Injunction. Land. Easement. Before Judge HOPKINS. Fulton county. At Chambers. August 24th, 1874.

For the facts of this case, see the decision.

W. F. & H. WRIGHT, for plaintiff in error.

SAMUEL WEIL; P. L. MYNATT, for defendants.

WARNER, Chief Justice.

This was an application for an injunction on a bill filed by the complainants against the defendant, to restrain him from running the water from his lot on Pryor street, in the city of Atlanta, on to, against, under and through, the property of complainants. On the hearing of the application for an injunction the defendant's answer was read, and several affida-

vits filed by the complainants and defendant, respectively. After hearing and considering the same, the presiding judge granted the following injunction : "It is considered and ordered that an injunction issue in the foregoing case, restraining defendant from flowing the water from his well, kitchen, gutters, sewers or drains, against the wall of complainants, to the injury thereof; but the injunction will have no reference to such rain-water as may naturally fall or come upon defendant's lot." Whereupon the defendant excepted.

It appears from the evidence in the record, that the defendant's lot is immediately above, and on higher ground than the complainants', so that the water thereon would naturally run off of the defendant's lot on to the complainants' lot. The complainants allege that they are erecting a large and costly brick building on their lot; that defendant is running all the water that accumulates on his lot from his gutters, well and kitchen, directly against, at, and under, and through, the wall of complainants' property, and that defendant dug, or caused to be dug, on his lot, two ditches or drains, leading directly against the wall of complainants, with the *express intention* of conveying and directing all the water accumulating on his lot against, at, under and through, the wall and property of complainants, and has greatly damaged and weakened their said wall, so much so as to render it unsafe; that old and experienced workmen are now afraid to work on complainants' building, for fear of personal injury, etc. The complainants further allege that defendant is pumping out his well nearly every night, to run the water at, under, through and against, complainants' wall, with the *express purpose* to injure their property ; that defendant has been notified to desist from running his water on complainants' lot, as before stated, but refuses to do so; that their wall is softened every day by said water, and the danger of falling in is every day increased. The evidence as to the damage done to the complainants' building by the water from defendant's lot, is distressingly conflicting.

1. The principle applicable to the two city lots of the parties in this case is, that as the complainants' lot lies lower than

the defendant's adjacent lot, the lot of the former owes a servitude to the lot of the latter, so far as to receive the water which naturally runs from it, provided no act of the defendant has been used to create or increase that natural servitude. In other words, the defendant, as the owner of the upper lot, has a natural easement in the complainants' lower lot, to the extent of the natural flow of water from his upper lot, to and upon the complainants' lower lot. As we understand the order of the chancellor in this case, the defendant is only restrained from *flowing* the water from his well, kitchen, gutters, sewers or drains, against the wall of complainants, to the injury thereof; but has no reference to such rain-water as may naturally fall or come upon defendant's lot. The defendant is at liberty to use the water in his well upon his lot as the owners of such property usually do, but if he constructs gutters, sewers, ditches, or drains upon his lot, so as to concentrate the water used upon his lot therein, and thereby cause the water to flow therein against the complainants' wall in a larger volume or quantity than it otherwise naturally would do without the construction of such artificial means, then he would increase the servitude upon the complainants' lot by his own act, the more especially would this be so if he pumped the water out of his well for that express purpose. The injunction only restrains the defendant from *flowing* the water which he uses on his lot by artificial means, other than such as would naturally result from the ordinary use of it as the owner of the lot, against the wall of complainants, to the injury thereof. The ordinary use of the water on defendant's lot for domestic purposes, as the owners of such property usually do, is one thing. The creation of gutters, ditches, sewers and drains on his lot, or the wasting of his water thereon, so as to *flow* the water so used on his lot, by artificial means, against the wall of complainants, is quite another and different thing. The rain-water which naturally falls or comes upon defendant's lot, is not embraced in the injunction, it is only such water from his well, kitchen, etc., in the ordinary use of which he causes, by artificial means, to *flow* against the

complainants' wall, instead of leaving the same to take its natural course over the surface of his lot.

2. The evidence being conflicting as to the injury sustained by the complainants in consequence of the defendant flowing the water from his lot against their wall, as well as to the manner in which it was done by the defendant, we will not control the discretion of the chancellor in granting the injunction in this case.

Let the judgment of the court below be affirmed.