## 1781. HARRIS *v.* WILCOX.

A petition which sets out in one count two distinct causes of action is duplicitous, and is subject to attack, on that ground, by special demurrer. It is good as against a general demurrer.

Complaint from city court of Fitzgerald—Judge Jay. February 22, 1909.

Submitted May 19,—Decided December 10, 1909.

Harris sued Wilcox for $500 and interest. The court sustained a general demurrer and dismissed the petition; and error is assigned on this judgment. The petition in substance is as follows: On April 12, 1907, Harris made a contract with Wilcox to purchase

capital stock of the Clark & Wilcox Company, or the Ras Wilcox Company, of the par value of $500, upon the express agreement of Wilcox that he would purchase the stock back from Harris and pay him therefor $500, with interest at eight per cent. per annum from the date of the purchase, at any time after fifteen days' notice that Harris desired to sell the stock. When this agreement was entered into, Harris turned over to Wilcox $500 as the full purchase-price of the stock, and Wilcox agreed that some time in the near future the stock should be issued and delivered to Harris. Harris did not wish to buy the stock, but was induced to do so solely by the agreement on the part of Wilcox. The contract was in part evidenced by a writing signed by Wilcox and delivered to Harris on April 12, 1907, as follows: "By this agreement signed by me this day, 12th day of April in the year 1907, I bind myself, my heirs, executors or administrators, to purchase from J. H. Harris, at any time he sees fit to sell after giving fifteen days' notice, five hundred dollars ($500) worth of stock bought by said J. H. Harris this day from Clark Wilcox Company, or the Ras Wilcox Company, doing business in Fitzgerald, Georgia, and I further agree to pay not less than eight per cent. interest in addition to the $500 from the time said stock was bought by said J. H. Harris until date of sale. B. E. Wilcox." When the contract was made, Wilcox was largely interested in the Clark & Wilcox Company and was desirous of selling to other persons some of the capital stock of the company, and for this reason he induced Harris to purchase the $500 worth of stock on the terms set out in the contract. Harris alleges, that no stock of the Clark & Wilcox Company, or of the Ras Wilcox Company has ever been delivered or tendered to him by Wilcox, and he is advised and believes that no stock of the company has ever been issued to him; and for this reason petitioner has never exercised or attempted to exercise any of the rights of a stockholder. On October 14, 1907, and at various times since that date, petitioner gave to Wilcox the notice prescribed in the written contract, and has at times since that date insisted that Wilcox should repay him the $500, with interest thereon, petitioner being willing and offering to cancel or surrender any and all right to have the said stock issued or delivered to him, or to sell or transfer the stock to Wilcox in the event it had been issued to petitioner, and he is now ready to have the stock cancelled and to transfer the same to Wilcox. For the

foregoing reasons petitioner alleges that the defendant Wilcox has become indebted to him in the sum of $500, with interest thereon at 8 per cent. per annum from April 12, 1907; and he prays judgment for this amount.

*L. Kennedy,* for plaintiff in error.

*O. H. Elkins, McDonald & Quincey,* contra.

HILL, C. J. (After stating the case.) The court erred in sustaining the demurrer and dismissing the petition. Instead of the allegations of the petition failing to show a cause of action, we think two distinct causes of action are alleged. The petition is probably duplicitous for that reason, and a special demurrer on this ground could have been interposed. But as against a general demurrer, the plaintiff can insist upon both theories of this case and recover, if he proves either theory. (1) If the stock was never issued to him by the company, he would have the right to recover from the defendant the $500 which was turned over to him as the purchase-price of the stock and upon his agreement that "sometime in the near future" the stock would be issued and delivered to plaintiff. If the defendant had not purchased the stock for the plaintiff as he had agreed to do, he certainly would have no right to retain the plaintiff's money. (2) If the defendant had paid to the company the $500 and the stock had been issued to the plaintiff, then the defendant's express written contract was to buy the stock back from the plaintiff for $500, with 8 per cent. interest from the time the stock was bought by the plaintiff, at any time the plaintiff saw fit to sell, after giving the defendant fifteen days' notice; and it is alleged that this notice was given and that the plaintiff offered to sell and transfer the stock to the defendant when the $500 with interest was paid. If these facts are proved, we see no reason why the defendant should not be required to comply with his contract.                                    *Judgment reversed.*