28929. DRUMMOND *v.* McKINLEY *et al.*

Decided June 19, 1941.

150

*Barrett & Nall*, for plaintiff. *Spalding, Sibley, Troutman & Brock, Hooper, Hooper & Miller*, for defendants.

SUTTON, J. 1. It appears from the allegations of the petition that the plaintiff was operating a beauty-shop at No. 522 Grand Theater Building, which she rented by the month from the Burdette Realty Company at $45 per month, and that the defendant, Lawrence McKinley, collected the rents on the Grand Theater Building for said realty company. She purchased the equipment used in her beauty shop from the J. M. Kline Company under a retention-of-title contract, and Mrs. Elizabeth Kline, the owner of this company, and Saul Schacter, the manager thereof, were named as two of the defendants. Beatrice Carroll, Alice Landreth, and Mrs. Arthur H. Tuck, employees of the plaintiff in her beauty shop, and Arthur H. Tuck, the husband of one of these employees, were the other defendants. The plaintiff's cause of action is based on an illegal conspiracy by the defendants to steal the plaintiff's business. The question for determination is whether or not the petition as amended set out a cause of action good against general demurrer.

A conspiracy, upon which a civil action may be based, is a combination between two or more persons, either to commit a tortious act, or to do some lawful act by methods constituting a tort. The conspiracy of itself does not constitute the cause of action, but the gist of the action, if one exists, is the tort committed against the plaintiff and the resulting damage. The petition fails to show that any of the employees of the plaintiff, or the husband of one of them, who are named as defendants, committed any unlawful or tortious act against the plaintiff. It is alleged by the plaintiff that these four defendants conspired and devised a scheme to steal her business and to obtain the same equipment and location in order that they might retain her customers, and that the defendants, McKinley, Kline, and Schacter, agreed to aid them in the commission of fraudulent and unlawful acts for the accomplishment of said conspiracy. The plaintiff was three months in arrears with her rent, and it was not unlawful for the defendant McKinley to refuse to accept her offer to pay part of the past-due rent and to

demand possession of the premises. In fact, she told him that if he wanted the space she was occupying, she would obtain another place and vacate as soon as possible. It is alleged that McKinley called Mrs. Kline and Saul Schacter and told them of his demands as to the possession of the beauty shop premises and advised them to get their equipment immediately. Did Mrs. Kline or her agent, Saul Schacter, commit a tort against the plaintiff in removing the equipment from the beauty shop and in reselling it? It is specifically provided in the retention-of-title contract, under which the plaintiff alleged she bought the equipment in her beauty shop, that time was the essence of the contract, and that in the event of default in payments or a failure to comply with any condition of the contract, or if the seller should deem the property in danger of misuse or confiscation, it should have the right to take immediate possession of the property without demand and without notice, and for that purpose was authorized to enter upon the premises and remove said property and thereafter to sell it at public or private sale without demand for performance and with or without notice to the purchaser, upon such terms and in such manner as the seller might determine. There is no allegation in the petition that the plaintiff was not in default with her payments under the retention-of-title contract, and it is argued by the defendants in error that it is inferable from the petition that she was in default in that respect. But even if she was not in default as to payments, the seller was authorized to repossess the property whenever it deemed the property in danger of misuse or confiscation. The plaintiff in her petition does not negative that the defendants were proceeding to repossess the property under the terms of the contract. The petition shows that she was in arrears with her rent, and that her landlord had notified the seller of the equipment of his demand for possession of the space occupied by the beauty shop. In these circumstances and under the terms of the retention-of-title contract, as alleged in the plaintiff's petition, the defendants, Mrs. Kline and Saul Schacter, committed no unlawful or tortious act against the plaintiff in repossessing the property and in selling it again.

The plaintiff in error contends that where an action is based on an alleged conspiracy, and it is alleged that the means employed to consummate the conspiracy were immoral and oppressive, it is not necessary to show any unlawful act, and *Burrus Motor Co.* v.

152

*Patterson-Pope Motor Co.,* 50 *Ga. App.* 801 (179 S. E. 171), is
cited and relied on to support this contention. That case, how-
ever, is distinguishable on its facts from the one now under con-
sideration. The present case must stand or fall, depending on
whether or not the defendants, or some of them, committed an il-
legal or tortious act against the plaintiff in consummating the al-
leged conspiracy to steal the plaintiff's business.

We think the present case is controlled adversely to the conten-
tions of the plaintiff in error by the decision of this court in *Vand-
hitch* v. *Alverson,* 52 *Ga. App.* 308 (183 S. E. 105), where it was
said: "A conspiracy upon which a civil action for damages may
be founded is a combination between two or more persons either to
do some act which is a tort, or else to do some lawful act by meth-
ods which constitute a tort. Where it is sought to impose civil
liability for a conspiracy, the conspiracy of itself furnishes no cause
of action. The gist of the action, if a cause of action exists, is not
the conspiracy alleged, but the tort committed against the plaintiff
and the resulting damage. *Martha Mills* v. *Moseley,* 50 *Ga. App.*
536, 538 (2) (179 S. E. 159). Thus, where the act of conspiring
is itself legal, the means or method of its accomplishment must be
illegal and tortious. See *Clein* v. *Atlanta,* 164 *Ga.* 529, 534 (139
S. E. 46, 53 A. L. R. 933); *Woodruff* v. *Hughes,* 2 *Ga. App.* 361,
364 (58 S. E. 551). While some authorities appear to have ex-
tended the nature of the means employed so as to include not only
methods which are illegal and tortious, but such as are merely im-
moral or oppressive (see cases cited in *Brown & Allen* v. *Jacobs
Pharmacy Co.,* 115 *Ga.* 429, 433-452, 41 S. E. 553, 57 L. R. A.
547, 90 Am. St. R. 126; *Turner* v. *Security Plumbing Co.,* 165 *Ga.*
479, 483, 484, 141 S. E. 291; *Burrus Motor Co.* v. *Patterson-Pope
Motor Co.,* 50 *Ga. App.* 801, 810, 179 S. E. 171), those cases and
others upon which the supposed rule rests, on examination and
analysis, show that the immoral or oppressive methods constitute
actionable fraud or deceit, or illegal agreements in general restraint
of trade (Code of 1933, § 20-504), or agreements in contravention
of the common law to stifle competition, or constituted a violation
of some recognized rule of public policy, with the result that in all
cases the means employed amounted to a tort." See also *Frigidice
Co.* v. *Southeastern Fair Asso.,* 58 *Ga. App.* 694 (199 S. E. 760).

The allegations of the petition in respect to personal belongings
of the plaintiff fail to set forth a cause of action.

2.  The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*