Cox *v.* Martin.

HAWKINS, Justice. This was an action by Esther L. Martin against W. R. Cox to recover damages alleged to have been occasioned by the discharge of surface waters from the property of the defendant upon that of the plaintiff, and to enjoin the continuation thereof. After a verdict in favor of the plaintiff for damages and injunction, the defendant duly filed his motion for a new trial, and to the judgment overruling it, he excepted. The trial court charged the jury: "If you believe that water from a down spout or down spouts on the defendant's property, that is, the Cox property, was discharged directly or indirectly upon the property of the plaintiff, Mrs. Martin, then I charge you that she would be entitled to recover damages therefor"; and also gave a similar charge as to the right of the plaintiff to have the defendant enjoined. Error is assigned upon these excerpts from the charge in grounds two and three of the amended motion for a new trial, it being insisted that the charge as given was an incorrect statement of the law; that it was confusing and misleading to the jury, and, in effect, erroneously instructed the jury that, if any water which had flowed down a down spout, regardless of the location of said down spout, should ever indirectly find its way on the property of the plaintiff, the plaintiff would be entitled to recover damages from the defendant and to have the defendant enjoined. *Held*:

1. "Where two city lots adjoin, the lower lot owes a servitude to the higher, so far as to receive the water which naturally runs from it, provided the owner of the latter has done no act to increase such flow by artificial means." *Goldsmith* v. *Elsas, May & Co.,* 53 *Ga.* 186; *Hendrix* v. *McEachern,* 164 *Ga.* 457 (1) (139 S. E. 9). As to surface water, one land proprietor has no right to concentrate and collect it, and thus cause it to be discharged upon the land of a lower proprietor in greater quantities at a particular locality, or in a manner different from that in which the water would be received by the lower estate if it simply ran down upon it from the upper by the law of gravitation. *Mayor & Council of Albany* v. *Sikes,* 94 *Ga.* 30 (20 S. E. 257). See also *Farkas* v. *Towns,* 103 *Ga.* 150 (29 S. E. 700); *Mitchell on Real Property,* p. 12, chapter 4; 56 Am. Jur., 555, § 71.

2. By the charge as given, the trial court instructed the jury that the plaintiff would be entitled to both damages and an injunction if they should find that water from a down spout or down spouts on the defendant's property was discharged directly or indirectly upon the property of the plaintiff, regardless of whether the flow of the surface water

through down spouts caused it to be discharged upon the land of the plaintiff in greater quantities at a particular locality, or in a manner different from that in which the water would be received by the lower estate if it simply ran down upon it by the law of gravitation. The charge as given was in effect an instruction to the jury that, if any water which flowed through a down spout upon the defendant's property reached the property of the plaintiff, either directly or indirectly, the defendant would be liable for damages and subject to injunction, merely because the water flowed through a down spout, and irrespective of whether such flow through a down spout increased the flow at a particular locality upon the plaintiff's land, or caused it to flow thereon in a manner different from simply running down upon it by the law of gravitation. The charge here complained of was not in accord with the principles above announced, and the trial court erred in so instructing the jury.

3. The first ground of the amended motion for a new trial, complaining of the admission of evidence, to the effect that some of the down spouts on the defendant's houses on the lot adjoining that of the plaintiff were not connected with sewers, is without merit, since the plaintiff was entitled to show what became of the surface water which was accumulated in the gutters and down spouts upon the property of the defendant. The fourth ground complains of a statement made by the court, in ruling upon the admissibility of this evidence, which will probably not occur on another trial and need not be passed upon.

4. Since the evidence on another trial may be different from that appearing in the present record, no ruling is made upon the general grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur.*

No. 17293. NOVEMBER 14, 1950.

*Herbert Johnson, Henry M. Hatcher Jr.,* and *William L. Moore,* for plaintiff in error.

*James G. Lamar,* contra.