33911.   GLOSS *v.* JACOBS *et al.*

DECIDED MAY 21, 1952.

*O. S. Singleton, R. S. Wimberly,* for plaintiff in error.
*Joseph M. Rogers,* contra.

GARDNER, P. J. The only question before this court is, did the court err in dismissing the plaintiff's declaration as amended because the same was duplicitous in that it contained in one count more than one cause of action? Whether the declaration otherwise sets forth a cause of action or whether any of the

other grounds of special demurrer are well taken is not up for consideration. The court dismissed the petition because the plaintiff's declaration as amended showed separate and distinct causes of action. This is true, it is contended, because in one count damages are sought for the alleged·wilful and wanton destruction by the defendants of approximately 5000 small trees; damages resulting from fire burning over 200 acres of plaintiff's woodland; damages caused by alleged recklessness and wanton operation by the defendant of the trucks over his lands, in transporting the trees to the mill and the lumber from the mill, destroying small trees and causing washes and soil erosion; and damages for 20 cords of lightwood burned by the fires alleged to have been wrongfully caused by the defendants.

Considering the plaintiff's declaration as amended to be otherwise good against general demurrer, the same boiled down and properly construed sets up trespass on the plaintiff's lands, wrongful entry thereon, and wrongful acts in so trespassing. All the damages claimed by the plaintiff appear to have flowed from this trespass, which continued for some time. The case is one ex delicto and the damages claimed are in tort. "A tort is the unlawful violation of a private legal right . . by reason of which some special damage accrues to the individual." Code, § 105-101. It is elementary that such damage may consist of several items caused by the general wrong or tort, for example, pain and suffering, loss of earning capacity, and medical expenses, resulting from and caused by the negligence of a defendant in causing an injury to the person of another. Here the wrong alleged is a trespass on the plaintiff's lands by the defendants and the acts committed by them in carrying out this trespass. "The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie." Code, § 105-1401. Entering wrongfully and cutting timber from the land would be a trespass. And this is so whether the trespassers are acting for themselves or as agents for another. See *Baker* v. *Davis*, 127 *Ga.* 649 (57 S. E. 62). Both the principal and the agents would be liable in a proper case. Here the trespass is a continuing one, and the plaintiff is entitled to the damages accruing therefrom to

the time of the suit. Code, § 105-1406. The damages alleged here are special damages all flowing from the trespass and must be proved, and it was proper to allege the same distinctly. See Code, § 105-2006.

The plaintiff's declaration as amended showed a legal right in the plaintiff to the lands involved and to all the timber thereon, with the exception of the right in the defendant, Mrs. Jacobs, to cut and remove only the hardwood and pine timber therein for certain periods of time as to each tract. It also showed that the plaintiff's damage resulted from a violation by this defendant and the other defendants of this legal right, acting in excess thereof and wrongfully cutting the timber and placing a mill thereon without authority; and the same constitutes a trespass, which is continuing, resulting in damage to the lands of the plaintiff and the trees growing thereon and the wood thereon. There is but one wrong, one cause of action set out. One of the tests in determining whether there is more than one cause of action set out in a state of facts is whether there is but one wrong or more than one wrong committed. Where the declaration shows but one wrong, the petition would not be subject to the objection that there is more than one cause of action alleged. Here the plaintiff alleges that he owned certain lands, which the defendants damaged in the cutting, sawing, and manner of removing of the trees which the defendant Mrs. Jacobs had purchased. The trespass consisted of coming on the land and improperly exercising the right to cut the timber, by placing a sawmill thereon and improperly cutting, removing, and transporting such timber and the lumber sawed, and in the improper doing of which the fire destroying some of the timber was caused. It is alleged that in the cutting, sawing, and removing of this timber the defendants damaged the realty of the plaintiff in that they cut therefrom trees too small to be used for lumber, caused forest fires, which destroyed small trees and lightwood to the plaintiff's damage, driving hither and thither with their heavy trucks in moving the felled trees, damaged the land by running over and injuring small trees, and cutting up the land so as to cause a part of the same to wash. The wrong sued for is the trespass or invasion of the plaintiff's right of property in this land, caused when the defendants cut and removed the timber,

and there is no separate cause of action alleged for the cutting of the small trees, the permitting of the brush to pile up and accumulate by the improper cutting, causing forest fires, the running over and injuring of the small trees, and the cutting up of the fields and land by the vehicles used to transport the timber and the lumber. All grew out of the same wrong, the wrongful entry of the defendants and operation of the mill thereon, and the cutting and removing of the timber and lumber, incidental thereto, all to the damage of the plaintiff in the various ways alleged.

This court is of the opinion that the declaration, as amended, sets forth as to each count but one wrong, causing several items of damage to the plaintiff for which he sues and which he particularly sets out. The declaration contained a single cause of action in tort and several items of damages growing out of the same wrong or tort. See *Copeland* v. *Carpenter,* 203 *Ga.* 18 (45 S. E. 2d, 197); *Kelly* v. *McCoy,* 85 *Ga. App.* 514 (69 S. E. 2d, 652). Several items of damage which grow out of the single wrong set up, and on which the plaintiff seeks to recover, do not show an improper joinder of causes of action or duplicity for joining more than one cause in one count. See *McDonald* v. *Butler,* 10 *Ga. App.* 845, 850 (5) (74 S. E. 573). All the damages claimed by the plaintiff resulted from the trespass committed, which was a continuing one, and which the plaintiff was entitled to plead, and the declaration was not subject to the special demurrers sustained. *Scott* v. *Reynolds,* 70 *Ga. App.* 545 (29 S. E. 2d, 88). The damages caused by the fire were recoverable. See *Western & A. R. Co.* v. *Tate,* 129 *Ga.* 526 (59 S. E. 266). The declaration as amended was not subject to dismissal because the plaintiff set up the destruction of the lightwood and damages therefor.

We have carefully read and examined the authorities cited by the defendants in error to the effect that a petition which sets out in the same count two distinct causes of action is duplicitous and is subject to attack by special demurrer therefor, and the same are not controlling here. *Gainesville &c. Ry. Co.* v. *Austin,* 122 *Ga.* 823 (50 S. E. 983); *Harris* v. *Wilcox,* 7 *Ga. App.* 121 (66 S. E. 380); *Hillside Cotton Mills* v. *Ellis,* 23 *Ga. App.* 45 (97 S. E. 459); *Groover* v. *Savannah Bank & Trust Co.,* 186 *Ga.*

476 (198 S. E. 217). We do not consider these authorities controlling here.

It follows that the trial judge erred in dismissing the plaintiff's declaration as amended on the grounds of special demurrer that the same was duplicitous in that several separate and distinct causes of action were set forth in one count.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*