20273. WEIMER *v.* CAUBLE.

SUBMITTED NOVEMBER 10, 1958—DECIDED JANUARY 12, 1959.

636

*Weldon Shows*, for plaintiff in error.

*Roland Neeson*, contra.

HEAD, Justice. Where two city lots adjoin, the lower owes a servitude to the higher to receive the water which naturally flows upon it, provided the owner of the higher lot has done no act to increase such flow. *Goldsmith* v. *Elsas, May & Co.*, 53 *Ga.* 186. The owner of the higher lot, however, would have no right to concentrate and collect surface water by the erection of buildings and cause it to be discharged upon the lower lot in a greater quantity or in a different manner from that in which the water would have flowed upon it by the law of gravitation. *Hendrix* v. *McEachern*, 164 *Ga.* 457, 459 (139 S. E. 9); *Cox* v. *Martin*, 207 *Ga.* 442 (62 S. E. 2d 164).

Notice to the alienee of property causing a nuisance or trespass that he will be held responsible for damages subsequently caused by it is tantamount to a request to abate the nuisance or trespass. *Central of Ga. Ry. Co.* v. *Americus Construction Co.*, 133 *Ga.* 392, 393 (2) (65 S. E. 855). "General damages are such as the law presumes to flow from any tortious act, and may be recovered without proof of any amount." Code § 105-2006. "The law infers some damage from the invasion

of a property right; and if no evidence is given of any particular amount of loss, it declares the right by awarding what it terms 'nominal damages'." *Williams* v. *Harris*, 207 *Ga.* 576 (2) (63 S. E. 2d 386).

Under the foregoing rules, in so far as the general demurrers sought to attack the petition for want of notice and demand to abate the nuisance, or because the damages alleged were not specifically described, the demurrers were properly overruled.

An allegation that a party is the owner of described real estate is an allegation of an ultimate fact and is not a conclusion of law. *Foster* v. *Rowland*, 194 *Ga.* 845 (4) (22 S. E. 2d 777). In the present case, however, there is no description of the plaintiff's property, nor are there any descriptive averments which might afford a key to a description of his lands. The allegation that the plaintiff "is the owner of valuable real property lying immediately southeasterly of, adjoining and adjacent to," described property of the defendant, "is too vague and indefinite to be the basis of an action to enjoin an alleged trespass upon the land, and the question of such defective description may be raised by general demurrer." *Hamilton* v. *Evans*, 208 *Ga.* 780 (4) (69 S. E. 2d 739), and cases cited.

There being no adequate description of the plaintiff's property to sustain an action for trespass, the court erred in overruling the general demurrers.

It is suggested by counsel for the plaintiff that, if this court should find the petition insufficient for any reason, it should grant the right of amendment. The right of amendment is controlled by law. Where a general demurrer is overruled in the trial court, and the judgment is reversed by this court, an amendment may be allowed before the remittitur is made the judgment of the trial court. *Whiddon* v. *Southern Auto Finance Co.*, 188 *Ga.* 340 (3 S. E. 2d 889); *Milton* v. *Milton*, 195 *Ga.* 130, 131 (23 S. E. 2d 411).

*Judgment reversed. All the Justices concur.*