## 21058. GILL v. FIRST CHRISTIAN CHURCH, ATLANTA, GEORGIA, INC., et al.

HAWKINS, Justice. 1. "Where two city lots adjoin, the lower lot owes a servitude to the higher, so far as to receive the water which naturally runs from it, provided the owner of the latter has done no act to increase such flow by artificial means." *Goldsmith v. Elsas, May & Co.,* 53 Ga. 186; *Hendrix v. McEachern,* 164 Ga. 457 (1) (139 S. E. 9). "As to surface water, one land proprietor has no right to concentrate and collect it, and thus cause it to be discharged upon the land of a lower proprietor in greater quantities at a particular locality, or in a manner different from that in which the water would be received by the lower estate if it simply ran down upon it from the upper by the law of gravitation. *Mayor & Council of Albany v. Sikes,* 94 Ga. 30 (20 S. E. 257). See also *Farkas v. Towns,* 103 Ga. 150 (29 S. E. 700); Mitchell on Real Property, p. 12, chapter 4; 56 Am. Jur. 555, § 71." *Cox v. Martin,* 207 Ga. 442 (1) (62 S. E. 2d 164). See also *Rinzler v. Folsom,* 209 Ga. 549 (74 S. E. 2d 661); *Housing Authority of City of Carrollton v. Ayers,* 211 Ga. 728, 733 (6) (88 S. E. 2d 368); *Weimer v. Cauble,* 214 Ga. 634 (106 S. E. 2d 781).

2. One who commits a trespass upon the land of another is subject to be sued as a trespasser, whether he is acting for himself or is agent for another. "If he commits such trespass by the direction of another as his principal, both may be sued as joint wrong-doers." *Baker v. Davis,* 127 Ga. 649 (1) (57 S. E. 62). See also *Gloss v. Jacobs,* 86 Ga. App. 161, 166 (71 S. E. 2d 253); *Code* § 105-1401; 87 C. J. S. 966, § 13(c); 987, § 31(b). Where, as here, the petition, which was filed on March 16, 1960, alleges that, shortly after March 18, 1958, when the contractor named as a defendant began to erect a church building, pave roadways and a parking lot, under a contract with a church, which was also named as a defendant, and in accordance with plans and specifications of architects, who were employed by the church, and who supervised the work, the plaintiff first noticed shortly after construction began that mud, silt, and debris were washing onto her property, and that water was washing in a concentrated and unnatural flow from the land of the defendant church onto her land, she

contacted the trustees of the defendant church, the defendant architects, and the defendant contractor, requesting that they correct this situation, and stop the unnatural flow of water and the washing of mud, silt, and debris upon her property, which request she repeated during several stages of the construction (which was performed by the contractor), and that she be compensated for her damages—the petition stated a cause of action against the contractor for some of the relief sought, and it was error for the trial judge to sustain a general demurrer of the defendant contractor and to dismiss the petition insofar as the defendant contractor was concerned. *Atlanta & Florida R. Co. v. Kimberly,* 87 Ga. 161, 164 (13 S. E. 277, 27 Am. St. Rep. 231). This ruling is not in conflict with *Young v. Smith & Kelly Co.,* 124 Ga. 475 (52 S. E. 765, 110 Am. St. Rep. 186, 4 Ann. Cas. 226), where it is stated: "An independent contractor is not liable for injuries to a third person, occurring after the contractor has completed his work and turned it over to the owner or employer and the same has been accepted by him, though the injury result from the contractor's failure to properly carry out his contract." This petition, which we are considering only on demurrer, does not allege that the contractor's work had been completed, turned over to the owner, and accepted by it, before any injuries or damages occurred, but, to the contrary, it is specifically alleged that, during several stages of the construction, the plaintiff notified the contractor of the damage and injury, requested that he remedy the situation, and then made demand that she be compensated for her damages which had accrued at that time.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 11, 1960—DECIDED NOVEMBER 10, 1960.

*Lewis, Lewis, Whaley & Cagle, Wm. H. Whaley,* for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Gambrell, Harlan, Russell, Moye & Richardson, Sam F. Lowe, Jr., Robert R. Richardson, Hugh M. Dorsey, Jr., Jule W. Felton, Jr.,* contra.