41932.   J & C ORNAMENTAL IRON COMPANY, INC.
v. WATKINS et al.

SUBMITTED APRIL 4, 1966—DECIDED NOVEMBER 29, 1966.

690

*Thomason & Rice, Alfred A. Rice,* for appellant.

*Alston, Miller & Gaines, Ronald L. Reid, Michael A. Doyle,* for appellees.

BELL, Presiding Judge. "A conspiracy . . . is a combination between two or more persons either to do some act which

is a tort, or else to do some lawful act by methods which constitute a tort. Where it is sought to impose civil liability for a conspiracy, the conspiracy of itself furnishes no cause of action. The gist of the action, if a cause of action exists, is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage." *Vandhitch v. Alverson,* 52 Ga. App. 308, 310 (1) (183 SE 105); *Drummond v. McKinley,* 65 Ga. App. 145, 152 (15 SE2d 535); *National City Bank v. Graham,* 105 Ga. App. 498, 504 (125 SE2d 223). The plaintiff may plead the conspiracy in general terms. *National Bank of Savannah v. Evans,* 149 Ga. 67 (2a) (99 SE 123). But he must allege all the elements of a cause of action for the tort the same as would be required if there were no allegation of a conspiracy. See *Cook v. Robinson,* 216 Ga. 328 (4) (116 SE2d 742).

Plaintiff does not allege that it was deprived of possession of its books and records or that the property was injured in any way. Thus the petition does not state a cause of action for trespass to personalty. See *Code* §§ 105-1701 and 105-1703; Restatement, Torts 2d § 218. And since the petition alleges no description of plaintiff's premises which were entered by Watkins, it does not allege a cause of action for trespass to realty. *Weimer v. Cauble,* 214 Ga. 634, 637 (106 SE2d 781). The allegations that Fisher falsely represented that the note and security agreement would not be transferred without prior notice to plaintiff and that the bank would allow plaintiff until October 5 to make payment of the installment due September 22 are insufficient to charge fraud. Fraud cannot be predicated upon statements which are merely promissory in their nature as to future acts. *Jackson v. Brown,* 209 Ga. 78, 80 (70 SE2d 756); *Beach v. Fleming,* 214 Ga. 303, 306 (104 SE2d 427); *Rogers v. Sinclair Refining Co.,* 49 Ga. App. 72, 74 (174 SE 207). While plaintiff alleges that Watkins harrassed and frightened plaintiff's employees and attempted to hire them away from plaintiff, the petition contains no allegations of fact showing that plaintiff was injured in any way by these acts of Watkins. The bare allegation that Watkins "did irreparably damage" plaintiff's business by these acts is a mere conclusion of the pleader. *Hearn v. Gower,* 1 Ga. App. 265 (2) (57 SE 916); *Close v. Mat-*

*son,* 102 Ga. App. 663 (1) (117 SE2d 251). Thus the petition fails to state a cause of action upon any theory.

Under these circumstances plaintiff's charge that defendants conspired to destroy plaintiff's business and to acquire all plaintiff's assets was ineffectual to aid the defective petition. "If no cause of action is otherwise alleged, the addition of allegations concerning conspiracy will not make one." *Cook v. Robison,* 216 Ga. 328 (4), supra.

The trial court did not err in sustaining defendant's general demurrers.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*