42567. McCRARY v. A A MUSIC SERVICE, INC. et al.

EBERHARDT, Judge. Where one seeks to impose civil liability for a conspiracy, unless the element of combination adds such a power of coercion, undue influence or restraint of trade as to make unlawful certain types of conduct in which one man alone might legitimately engage (see *Vandhitch v. Alverson,* 52 Ga. App. 308, 310 (1) (183 SE 105); Prosser, the Law of Torts, (3d Ed.), p. 260, § 43), "the gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage. The plaintiff must allege all the elements of a cause of action for the tort the same as would be required if there were no allegation of a conspiracy." *J & C Ornamental Iron Co. v. Watkins,* 114 Ga. App. 688 (152 SE2d 613). Accordingly, where a petition merely alleges an oppressive course of conduct characterized by sharp business practices without setting forth all the necessary elements of a distinct tort committed during the course of the conduct resulting in damage, the petition is subject to general demurrer notwithstanding allegations that defendants conspired to gain plaintiff's business and cause his financial ruin. *J & C Ornamental Iron Co. v. Watkins,* supra; *Drummond v. McKinley,* 65 Ga. App. 145 (15 SE2d 535).

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*

SUBMITTED JANUARY 4, 1967—DECIDED JANUARY 19, 1967.

*J. M. Grubbs, Jr., Essley Burdine,* for appellant.

*LeRoy C. Hobbs, Carpenter & Karp,* for appellees.