Jere M. **MILLS**, Sr., **Individually, Jere M. Mills, Sr., as Trustee, et al., Appellants,**

v.

Granger **HANSELL** et al., **Appellees.**

No. 23865.

United States Court of Appeals Fifth Circuit.

June 7, 1967.

Sam D. Hewlett, Jr., Cullen M. Ward, Florence Hewlett Dendy, Atlanta, Ga., for appellants.

Edward W. Killorin, Hamilton Lokey, Lokey & Bowden, Gambrell, Harlan, Russell & Moye, Atlanta, Ga., for Granger Hansell and Robert L. Marchman, III.

Lokey & Bowden, by Hamilton Lokey, Atlanta, Ga., for Phoenix, Inc.

Charles L. Gowen, King & Spalding, Atlanta, Ga., for Alvin Cates, Jr.

Before BROWN and BELL, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM.

The appellants, who were plaintiffs below, brought this diversity action on the allegations that "the defendants herein did, on August 16, 1962, conspire, wilfully and maliciously, to injure and damage plaintiffs by causing and bringing about a sale of a company known as CIMCO, and its subsidiaries, Georgia Securities and Georgia Securities Agency, Inc., through fraud and without just cause, thereby forcing plaintiffs to enter into an agreement to sell said CIMCO stock to the Palomar Mortgage Company and sustain a loss in excess of One Million Dollars."

The trial court granted the motions for summary judgment filed by appellees after two hearings wherein the entire facts of the transaction here involved were before him by complete depositions of all possible witnesses, by all material documents, and by supplemental affidavits. Extensive written briefs and oral arguments were also submitted. While mere conspiracy itself is not a substantive tort giving rise to a cause of action under the law of Georgia, Drummond v. McKinley, 65 Ga.App. 145, 15 S.E.2d 535, the lower court gave the appellants the benefit of having their case judged from the standpoint of whether the conduct of any one or more of the appellees constituted an actionable tort against the appellants; and, after so doing, concluded that there was no genuine issue as to any material fact. While we agree with the appellants' contention that a lawyer is bound by the very highest ethical principles to exer-

cise absolute good faith towards and for his client, we feel that the able trial judge correctly concluded that the evidence showed without question that appellants knew that none of the attorneys sued by them was representing them in the transaction complained of, and further that there was no misconduct on the part of such attorneys. There were also other grounds which fully supported the granting of the motions for summary judgment.

Affirmed.