**ASSOCIATED LERNER SHOPS OF AMERICA, INC., Appellant,**

v.

**THIBADEAU, SHAW & COMPANY, Inc., Appellee.**

No. 25238.

United States Court of Appeals Fifth Circuit.

May 28, 1968.

Rehearing Denied Aug. 2, 1968.

John W. Chambers, Hoke Smith, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for appellant.

Ben L. Weinberg, Jr., Charles A. Moye, Jr., Long, Weinberg & Ansley, Gambrell, Russell, Moye & Killorin, Atlanta, Ga., for appellee.

Before GEWIN and THORNBERRY, Circuit Judges, and ELLIOTT, District Judge.

PER CURIAM:

In this litigation between adjoining landowners the District Court for the Northern District of Georgia as trier of the facts determined that Appellant negligently constructed and maintained drain pipes channeling (contrary to their natural flow) surface and other waters against a retaining wall constructed by Appellee in conjunction with a building being erected by Appellee, causing the retaining wall to collapse against and damage the building.

Appellant contends that the finding that there was negligent construction of the drains and that such was the proximate cause of Appellee's damages is not

supported by the evidence, and further, that if any award of damages was justified the judgment exceeded that authorized by the evidence.

Under Georgia law, where two lots adjoin the lower lot owes a servitude to the higher to the extent that it must receive the water which naturally flows from it, provided the owner of the higher lot has done nothing to increase such flow by artificial means. As to surface water, the owner of the higher lot has no right to concentrate and collect it and cause it to be discharged in quantities and in such manner as would be different from that in which the water would be received by the lower estate if it simply ran down upon it from the upper by the law of gravitation. Gill v. First Christian Church, 216 Ga. 454, 117 S.E.2d 164 (1960).

A review of the record shows that there was ample evidence to authorize the trial court to conclude that Appellant improperly collected and discharged surface waters and that such act was the proximate cause of the damages to Appellee's wall and building.

The proper measure of damages to be awarded in such a situation is the amount necessary to put the Appellee's improvements in the same useable and safe condition which existed prior to the damage. City of Macon v. Hawes, 27 Ga.App. 379, 108 S.E. 479 (1921). The fact that the original retaining wall was separate from the building and in reconstruction the wall was made an integral part of the building is of no significance for the reason that the evidence supported the conclusion of the trial court that the situation created by the acts of Appellant would result in the subsequent collapse of any separate retaining wall which might be reconstructed identical with the original one, and that the proper measure of damages was that necessary for the Appellee to reconstruct upon its land a building of which the retaining wall was an integral part which would serve the same purpose and to the same degree of safety as that originally built would have done but for the acts of Appellant. The amount of the judgment thus entered was supported by the evidence. Certainly it cannot be said that the award was clearly erroneous.

Appellant also complains that it was not placed on notice of the excavation undertaken by Appellee before the retaining wall was erected, contending that such notice was required by § 85–1203 of the Georgia Code.[1] Such notice was not prerequisite to an assertion of a claim for damages in the circumstances in this case. In any event, there is no evidence that Appellant sustained any damages from failure of such notice to it by Appellee.

Accordingly, we affirm the judgment of the district court.

Affirmed.

---

1. "The owner of adjoining land has the right, on giving reasonable notice of his intention so to do, to make proper and needful excavations even up to the boundary line for purposes of construction, using ordinary care and taking reasonable precautions to sustain the land of the other."