A90A0884. LAWLER et al. v. STRIVE et al.
(398 SE2d 854)

McMurray, Presiding Judge.

This dispute arose after James Strive and Mary Strive (plaintiffs) sold a house to Joel Lawler and Janet Lawler (defendants). Plaintiffs sued defendants and sought specific performance, alleging that defendants wrongfully prevented them from retrieving an "above-ground swimming pool" located on the property. Defendants answered and denied that the swimming pool belonged to plaintiffs and stated that the "swimming pool was on the property . . . and [that] the same is anchored into the real estate and attached to the real estate." Defendants then counterclaimed in five counterclaims. In Counterclaim 2, defendants alleged "a willful trespass" in that plaintiffs detached fixtures from the real property before closing and that "[s]ubsequent to the closing, plaintiff, JAMES STRIVE, came up on the property of defendants and removed the [fixtures] from the storage house." In a fourth counterclaim, defendants alleged that plaintiffs "concealed structural defects [which] constituted a willful trespass and wrong, entitling defendants to additional damages to deter a repetition of the wrong."

The trial court granted summary judgment to plaintiffs on defendants' Counterclaims 1, 2 and 5. With regard to Counterclaim 4, the trial court denied summary judgment to plaintiffs but held "that a material question of fact remains for the jury as to whether the alleged defects were such that, under the circumstances of Plaintiffs' alleged concealment, the defects could have been discovered by the kind of inspection possible under the terms of the contract." This appeal followed. *Held*:

1. Defendants contend in their first enumeration that the trial court erred in granting summary judgment to plaintiffs on their Counterclaim 2.

"One who commits a trespass upon the land of another is subject to be sued as a trespasser. . . ." *Gill v. First Christian Church*, 216 Ga. 454 (2) (117 SE2d 164). " 'If a person commits a trespass with knowledge that he is acting without right, exemplary or punitive dam-

ages may be awarded.' [Cit.]" *Collins v. Baker*, 51 Ga. App. 669, 674 (181 SE 425). There is no evidence in the case sub judice which refutes defendants' Counterclaim 2 for intentional trespass to realty. Consequently, the trial court erred in granting summary judgment to plaintiffs on Counterclaim 2.

2. Next, defendants contend the trial court erred in restricting the issues raised in Counterclaim 4 by holding "that a material question of fact remains for the jury as to *'whether the alleged defects were such that, under the circumstances of Plaintiffs' alleged concealment, the defects could have been discovered by the kind of inspection possible under the terms of the contract.'* " (Emphasis supplied.) In support of this contention, defendants cite *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223), and *Ideal Pool Corp. v. Baker*, 189 Ga. App. 739 (377 SE2d 511), arguing that the elements of fraudulent misrepresentation are present in the case sub judice.

Neither *Crawford v. Williams*, supra, nor *Ideal Pool Corp. v. Baker*, supra, supports defendants' contention that the trial court erred in restricting the issues raised in Counterclaim 4 by holding "that a material question of fact remains for the jury as to 'whether the alleged defects were such that, under the circumstances of Plaintiffs' alleged concealment, the defects could have been discovered by the kind of inspection possible under the terms of the contract.' " Further, the trial court's order denying plaintiffs' motion for summary judgment indicates a finding that genuine issues of material fact remain on the issue of "fraudulent misrepresentation." Consequently, it is unnecessary to consider defendants' argument that genuine issues of material fact remain as to the basic elements of fraudulent misrepresentation. This enumeration is without merit.

*Judgment reversed. Sognier, J., concurs. Carley, C. J., concurs in the judgment only.*

DECIDED NOVEMBER 16, 1990.

*Scott Walters, Jr.*, for appellants.
*Emily Sherwinter*, for appellees.