CENTRAL RAILROAD Co. v. PHILLIPS, next friend.

1. Under the facts, there was no abuse of discretion in subjecting the conductor to the ordinary rule applicable to the sequestration of witnesses.
2. As by the law of this State a boy over fourteen years of age is presumably capable of committing crime, he is presumptively chargeable with diligence for his own safety against palpable and manifest peril, such as that of jumping from a railway train in rapid motion. In the absence of any evidence of want of ordinary capacity in the particular boy, he should not be treated as a child of "tender years," but as a young person who has passed that period and become chargeable with such diligence as might fairly be expected of the class and condition to which he belongs.
3. There was no error in admitting evidence, and none in the charge of the court, except upon the question ruled on in the preceding note.

April 17, 1893. By two Justices. Argued at the last term.

Before Judge MILLER. Bibb superior court. October term, 1891.

R. F. LYON, for plaintiff in error.

DESSAU & BARTLETT, contra.

SIMMONS, Justice.

The plaintiff, a boy fifteen years of age, jumped from a railway train which was running at the rate of twenty-five miles an hour, and broke his leg. He sued the railroad company, alleging in his declaration that he went on the train before it started, for the purpose of getting some keys from his sister, who was a passenger; that the train started while he was on it, and before he could alight its speed became so great that he could not get out without endangering his life or person; that when the conductor demanded his fare he explained these facts, and that he did not have enough money to pay his fare to the next station, but his sister offered the conductor twenty cents, which the conductor took; that the conductor then threatened to take him to Savannah and put him in jail, and summoned the brakesman and

another member of the train's crew for the ostensible purpose of arresting him and locking him up and carrying him to Savannah; that the conductor by his threats and acts so frightened and alarmed him, that believing and thinking the conductor would carry his threats into execution, he broke away from the brakesman and the other member of the crew, and in order to keep from being locked up and carried to Savannah and put in jail, he jumped from the train while it was in rapid motion and was injured, etc. He recovered a verdict for $1,000, and the defendant made a motion for a new trial, which was overruled, and it excepted.

1. It appears from the motion for a new trial, that after all the witnesses had taken the oath, and the witnesses for the plaintiff, in accordance with the request of counsel for the defendant, had been sent out of the court-room so as not to be present during the examination, the court, at the instance of counsel for the plaintiff, sent out the defendant's witnesses also. Counsel for the defendant requested the court to allow one of his witnesses to remain in the court-room, as this witness was the conductor and stood in the place of the defendant in the case, and was the only representative of the defendant who was acquainted with the facts as they occurred, and counsel desired his assistance in the examination of witnesses for the defendant as well as for the plaintiff. The refusal of this application is alleged to be error. Where there is an order for the separation of witnesses, exceptions therefrom as to witnesses not parties to the case, are discretionary with the court. *City Bank of Macon* v. *Kent*, 57 *Ga.* 285 (17), 291. Under the facts of this case, the discretion of the court was not abused in refusing to make the exception requested.

2. We think the court erred in its charge to the jury, in treating the plaintiff as an infant of " tender years,"

in respect to the care and diligence for his own safety to be required of him. While the jury could consider his youth in determining whether the alleged threats and menacing acts of the defendant's agents and servants were calculated to and did produce on his part such fear and excitement as to render him in some degree irresponsible for his own acts and excuse his conduct in jumping from the train, and while the conduct of a boy of his age, under such circumstances, is not to be judged by the same standard as that of a man, he is nevertheless held to a higher degree of responsibility than one whom the law regards as an infant of "tender years." A young person of the age of this plaintiff is presumed to be capable of realizing danger and of exercising the necessary forethought and caution to avoid it, and is presumptively chargeable with diligence for his own safety, where the peril is palpable and manifest, as it was in the present instance. By analogy to the provisions of the penal code touching capacity for crime, (§4294), this presumption attaches at the age of fourteen years. *Rhodes* v. *Railroad Co.*, 84 *Ga.* 322. This is the rule adopted by other courts of high authority. See Nagle v. Railroad Co., 88 Penn. St. 35, s. c. 32 Am. Rep. 413. In Tucker v. Railroad Co., 124 N. Y. 308, the principle of the decision is the same, though the age is held to be twelve years, that being the age to which the penal code of New York limits the presumption of incapacity for crime. The court say : " While this statute does not undertake to prescribe, and does not necessarily affect the rule to be applied in civil actions, it suggests, as asserted in the Nagle case (*supra*), an age to which the courts can with safety limit the presumption of incapacity on the part of an infant to appreciate the perils incident to crossing railroad tracks. This presumption may, in a proper case, be so far overborne by evidence as to present a question for the jury, and then

the age of the injured party may doubtless be considered by the jury in connection with the facts indicating a lack of comprehension of a dangerous situation; but in the absence of evidence tending to show that an injured infant twelve years old was not qualified to understand the danger and appreciate the necessity for observing that degree of caution in crossing a railroad track which an adult would, he must be deemed *sui juris.*"

In the present case there was no evidence of want of ordinary capacity on the part of the boy. Indeed, the proof showed that for some length of time before the injury, he had been at work as a farm hand, plowing, cutting cross-ties, etc., and that he was a good hand and did the work of a man.

What is said in the decision quoted from, to the effect that where the presumption of capacity exists the minor is chargeable with the same measure of caution as an adult, of course does not apply where he acts under the pressure of intimidation and incurs the risk in attempting to escape a threatened and impending injury of another kind, as is claimed to have been the case here. In such case he is to be treated, neither as an adult nor as a child of tender years, but as a young person whose mental and physical immaturity may be taken into consideration and who is chargeable with such diligence as, under the circumstances, might fairly be expected of the class and condition to which he belongs. The charge of the court being inaccurate and misleading on this subject, we think a new trial should be granted.

3. There was no error in admitting evidence, and none in the charge of the court, except upon the question ruled on in the preceding division of this opinion.

*Judgment reversed.*