## HEALEY v. CITY OF ATLANTA.

1. Intention to dedicate property to public use is essential to a dedication.
2. Not only must the owner give, but the public must accept, before there can be a dedication.
3. In every case of an implied dedication it must appear that the property has been in the exclusive control of the public for a period long enough to raise the presumption of a gift.
4. The mere fact that the public uses the property of a private individual is not necessarily inconsistent with the retention of dominion by the owner.
5. The evidence in the present case was not sufficient to establish either that there was an intention on the part of the owner of the property to dedicate the same to public use, or that it had been accepted by the public authorities for that purpose.

Argued May 21,—Decided July 2, 1906.

Certiorari.   Before Judge Pendleton.   Fulton superior court. March 29, 1906.

*John L. Hopkins & Sons,* for plaintiff in error.

*James L. Mayson* and *William P. Hill,* contra.

COBB, P. J.   Healey brought his petition for certiorari, complaining of a judgment against him in the recorder's court of Atlanta.   At the hearing the judge overruled the certiorari, and Healey excepted.   The petition states that Healey was tried in the recorder's court "on the charge of creating a nuisance by erecting and maintaining a fence across a certain place within the limits of said city claimed by said city to be Sunset avenue, a public alley, street, or thoroughfare."   The answer of the recorder states, "It is true that on October 26, 1905, the case of the City of Atlanta v. W. T. Healey (who was charged with creating a nuisance by erecting and maintaining a fence across Sunset avenue, a public street or alley in the City of Atlanta, Ga.), was tried in the recorder's court of Atlanta."   It appears both from the petition and the answer that the accused was convicted and fined by the recorder.   There was no judgment providing for the abatement of the alleged nuisance. No ordinance of the city in reference to nuisances within the city is set forth either in the petition or answer.   As there is no allegation in the petition that there is no such ordinance, the presumption is that a valid ordinance was in existence, and the accused was arraigned for a violation of its provisions.   *Chambers* v. *Barnesville, 89 Ga.* 739.   It was within the power of the city authorities

to provide an ordinance declaring the continuance of a nuisance an offense against the city, and such continuance may be prosecuted in the recorder's court, unless there has been a notice to abate. Whenever there is a notice to abate and a refusal to comply with the notice, the offense becomes one against the State and can not be prosecuted in the recorder's court. Penal Code, § 641; *Vason* v. *Augusta,* 38 *Ga.* 542. When the averments in the petition and the statements in the answer in response thereto are considered together, it is apparent that the offense charged against the accused was the maintenance of a nuisance resulting from the obstruction of a public street or public alley of the city.. The proceedings in the recorder's court being quasi criminal in their nature, before the accused could be lawfully convicted the evidence must establish beyond a reasonable doubt that an obstruction was placed in a public street or public alley of the city. If the evidence does not establish that the place at which the fence was erected was a public street or alley, or there is a reasonable doubt on this question, the conviction was improper and should have been set aside on certiorari. The evidence establishes that the way claimed to be public is over land the title to which is in the accused. The question therefore is whether the right of the public to use the way has been acquired as against the accused, who is the owner of the fee. The claim is that the right of the public has been acquired by dedication of the way to a public use. A public street or public alley may come into existence by dedication. "If the owner of lands either expressly or by his acts dedicates the same to public use, and the same is so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he can not afterward appropriate it to private purposes." Civil Code, § 3591. A dedication to public use is, however, not complete until two things appear; that is, an intention on the part of the owner to dedicate his property to the public use, and an acceptance on the part of the public of the property for such use. *Mayor and Council of Madison* v. *Booth,* 53 *Ga.* 609; *Parsons* v. *Trustees,* 44 *Ga.* 529; *Ga. R. Co.* v. *Atlanta,* 118 *Ga.* 486; *Kelsoe* v. *Oglethorpe,* 120 *Ga.* 951. The intention to dedicate need not be shown by an express declaration to that effect. Such intention may be inferred from an acquiescence by the owner in the use of his property by the public. But the use must

be of such a character as to clearly indicate that the public has accepted the dedication of the property to the public use. The acceptance need not be express, but if the way be used by the public and worked, or treated by the public authorities as a part of a system of public highways in the place where the way is claimed, and this is continued "for such a length of time that the public accommodation and private rights might be materially affected by the interruption of the enjoyment," the dedication to the public use is complete as against the owner of the fee. However, the acts relied on to establish the dedication must be such as to clearly indicate a purpose on the part of the owner to abandon his personal dominion over the property and to devote the same to a definite public use. The mere use of one's property by a small portion of the public, even for an extended period of time, will not amount to a dedication of the property to a public use, unless it appear clearly that there was an intention to dedicate, and that this dedication was accepted by the public authorities, either in express terms or by implication resulting from the maintenance of a way as public in its nature. Where there is no intention to dedicate, but the public has taken possession of the property of an individual, and used and maintained it as a highway for a period of twenty years or more, a highway by prescription becomes complete. When there is an intention to dedicate, the maintenance of a way for a less time will bring into existence a completed highway by dedication. See, in this connection, *So. Ry. Co.* v. *Combs,* 124 *Ga.* 1004; *Mayor of Sandersville* v. *Hurst,* 111 *Ga.* 453.

The evidence in the present case does not disclose any expressed intention to dedicate the property to a public use. The evidence relied on to establish such intention is the use by a portion of the public for a period of time less than twenty years. There is no evidence that the city authorities have ever worked the way either as a public street or alley. It has never been curbed or paved. There is evidence that some of the houses along the way have been numbered. This alone would not be sufficient to establish an acceptance by the public, even if an intention to dedicate appeared. Considering the evidence as a whole, in its strongest light against the accused, it can not be said that it establishes beyond a reasonable doubt, either that there was an intention on the part of the accused to dedicate his property to a public use, or that the dedica-

tion had been accepted by the public authorities. There being nothing in the record to indicate that there was an ordinance of the City of Atlanta making it an offense to obstruct a private way, even if such ordinance would be valid, it is unnecessary to determine whether the evidence is sufficient to establish that any of the persons living in this neighborhood had as against Healey a right to claim a private way over his property. It was said in the argument that this proceeding against Healey in the recorder's court was under the provisions of the Civil Code, § 4762; but the record does not indicate that this was the case, for that section merely gives the recorder's court the authority to abate a nuisance, the order of abatement to be executed by the sheriff or marshal of the city, and it does not confer upon the recorder any authority to impose a fine for the maintenance of a nuisance. It is unnecessary to determine in the present case whether, under the section just referred to, a nuisance erected in a private way may be abated in a recorder's court. See, however, in this connection, *Sav. Ry. Co. v. Gill*, 118 *Ga.* 745.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*