## 3362. DAVIS *v.* THE STATE.

1. The fact that a road is a public highway may be proved (1) by showing that it was made such by legislative enactment; (2) that it was regularly laid out and established as such by the proper authorities; (3) by showing dedication by the owner of the soil and acceptance by the public for the purpose of a highway; (4) by prescription.

2. Where the fact of dedication and acceptance is relied on to show that land used as a road is a public highway, the dedication as well as the acceptance may be either express or implied. If the owner of the soil, either by direct language or by express conduct (such conduct as opening up the property as a public street) offers to dedicate it, the element of acceptance is supplied whenever the property is used for such a length of time that the public accommodation or private rights would be materially affected by an interruption of the enjoyment. Where the dedication is implied only, or where it rests upon mere acquiescence of such a nature as to indicate consent, the public use and keeping up of the road as a highway must continue for as long as seven years before the road becomes a legally established public highway.

3. A prescription may be gained as to a public highway, against the consent of the owner, by the public use and working of the same as such for the period of twenty years, or, if the public use and occupancy be under color of written title, within seven years.

4. Where prescription is relied on to establish a highway, alleged to have been acquired contrary to the consent of the owner, the element of continuity is involved, and the public use of the highway must exist continuously throughout the period specified in the preceding headnote. However, there is such privity between the municipal authorities of an incorporated town and the county authorities of the county in which the town is situated as that the public occupancy of the one may be tacked to the public occupancy of the other, in order to make out a prescription, where the continuity is not otherwise broken.

5. Where drunkenness on a highway is charged, it is permissible for the State to show that the accused was acting disorderly, and in a manner indicative of insobriety upon places adjacent to the highway, at or about the same time it is alleged that he was drunk upon the highway.

DECIDED JUNE 7, 1911.

Accusation of misdemeanor; from city court of Sparta—Judge Moore. March 13, 1911.

*Burwell & Fleming, R. H. Lewis,* for plaintiff in error.

*R. L. Merritt, solicitor,* contra.

POWELL, J. The accused was convicted of being drunk on a public highway. The offense is strictly statutory, and it is necessary in the prosecution thereof for the State to show, not merely that the accused was drunk upon some road or passageway over which the public might more or less frequently pass, but that the road was, at the time of the offense, a public highway, within the legal meaning of the term. *Johnson* v. *State,* 1 *Ga. App.* 195 (58 S. E. 265).

1. A public highway may be created in either of four ways: (1) by legislative enactment; (2) by its being regularly laid out and established as such by the proper authorities; (3) by dedication; (4) by prescription. In the present case it was conceded that there was no proof that the road in question had been established as a public highway by legislative enactment, or through its having been laid out by proper authorities. Dedication and prescription were relied upon. A witness who had lived in the community about thirty-five years testified, that the road had been there practically as long as he had; that it had been publicly used for more than twenty years; that when the town of Culverton was incorporated, the municipal authorities worked it; and that when Culverton was not incorporated and after its charter had been repealed, the county worked it and kept it up. The point is made that the road was not registered as a public road under the Civil Code (1910), § 636 et seq.; but as will be seen by reference to section

639, these provisions are not applicable, except in certain counties, upon recommendation of the grand jury.

2. Where dedication is relied on, both dedication and acceptance must be shown. *Healey* v. *Atlanta,* 125 *Ga.* 736 (54 S. E. 749). The dedication or the acceptance may be either express or implied. If the dedication is express,—as where the owner of the soil grants the property to the public use, or where he himself lays it out as a street and devotes it to public use, and the same is so used for such a length of time that the public accommodation or private rights would be materially affected by an interruption of the enjoyment,—dedication and acceptance become complete, even though the period be less than seven years. Civil Code (1910), § 4171. If the dedication is implicit only,—as where the consent of the owner to the use of his land as a highway is implied from his conscious acquiescence,—the public use and enjoyment must exist for as long as seven years before dedication and acceptance become complete. *Johnson* v. *State,* supra, citing *Healey* v. *Atlanta,* supra. The title of the public, so to speak, to the use and occupation of the road in  cases of this character, is based on a form of prescription, as that word is used at common law, but not as it is used in the code of this State. Through our code we have adopted acquisitive prescription to lands from the civil law, and in such cases adverseness of possession is a requisite, and permissive possession can not be the foundation thereof; but we have still retained the common-law notion of prescription as to easements and incorporeal rights, and as to this form of prescription the implied consent of the landowner is an essential element. Cf. *Whelchel* v. *Gainesville Ry. Co.,* 116 *Ga.* 431 (5), (42 S. E. 776).

3. Through the use and occupancy of a road as a highway, in the nature of adverse possession, the public can convert the road into a public highway, without the consent, actual or implied, of the owner. "Where there is no intention to dedicate, but the public has taken possession of the property of an individual, and used and maintained it as a highway for a period of twenty years or more, a highway by prescription becomes complete." *Healey* v. *Atlanta,* supra. By analogy to our code provisions relating to the acquisition of prescriptive title to land, the rule would seem to be that it takes twenty years of continuous use and occupancy of a public

road as a highway in order to extinguish the title of the landowner and to perfect the title of the public, in cases where the use and occupancy has not been under color of title; and by the same analogy, it would seem that if some one, not the true owner, should in writing attempt to convey or to dedicate the property, continuous, bona fide, adverse use and occupation of the property under this writing for a period of seven years would be sufficient. See Civil Code (1910), §§ 4168, 4169.

4. Continuity of use and occupancy is always an essential element of adverse possession, and where an attempt is made to show that the public has acquired highway rights over land by the use, occupation, and working of it as a public road, and no consent, actual or implied, of the owner is shown, it is necessary to show that the use and occupancy and other acts by which the public have appropriated the property as a highway have been continuous throughout the one or the other of the periods of time (as the case may be) mentioned in the preceding division of this opinion. In this case the point is made that this continuity was broken by reason of the fact that within the period of twenty years relied on, this highway had been included within the corporate limits of the town of Culverton, whereupon the county authorities ceased to work it as a public road and the municipal authorities worked it as a public street, and that thereafter, the charter of Culverton having been repealed, the county authorities again began to work it as a public road. Counsel for the plaintiff in error say, therefore, that inasmuch as the county authorities had never acquired a prescriptive title prior to the time of the incorporation of the town of Culverton, and inasmuch as twenty years have not elapsed since the charter of Culverton was repealed, twenty years' continuous possession has not been shown.

While continuity of possession is an element of adverse possession, still this element of continuity need not exist as to any one person or corporation, public or private; but all such periods of possession as are in community of interest and are not adverse to each other may be tacked. There is such a community of interest —such a privity, so to speak—between the municipal authorities of an incorporated town and the county authorities of the county in which the town is located, as to such county roads as by reason of the incorporation of the town become city streets, and as to such

28

streets as, upon the repeal of the charter of the town, cease to be city streets and become county roads, as that the use and maintenance and working of the highway by the two may be tacked, where the element of continuity is not otherwise lacking. It must be remembered that the duty of opening and maintaining highways is a function of the State itself, and that, when the legislature authorizes counties or municipalities to perform this function, it is still the State indirectly performing a duty which it would have the right to perform directly; so that there is some analogy between the successive acts of use and occupation performed as to a highway by a county and a municipality and the successive occupancies of tenants of the same landlord; and, of course, as to the ordinary acquiring of title by adverse possession, no break of continuity ensues when one tenant moves out and another tenant of the same landlord moves in. We think that in the present case there was ample evidence to show that the road in question was a public highway in the legal sense of the word.

5. The court permitted the State's counsel to show that on the day in question the accused was cursing, fighting, and otherwise acting disorderly upon private premises adjacent to the highway, and counsel for the accused moved to exclude this testimony, on the ground that the charge was drunkenness upon the highway, and that these acts elsewhere committed were not relevant. We can not concede the correctness of this contention. One of the issues was whether the defendant was drunk or not. Indeed he admitted that he had been drinking somewhat, but contended that he was not drunk. We think that the light shed upon the transaction by this testimony as to what he did at other places about the time when he appeared on the highway showed, not only that he was drinking somewhat, but that he was "gloriously and hilariously" drunk, and, what is more important, that he was "cussingly and fightingly drunk." He acted as no sober man would have been at all likely to act.

*Judgment affirmed.*