## 9544. HILLSIDE COTTON MILLS v. ELLIS.

JENKINS, J. 1. A public highway may be created in four ways: (1) by a legislative enactment; (2) by formal proceeding of the county authorities establishing it; (3) by prescription; (4) by dedication. Where dedication is relied on, it may be either express or implied. Where the dedication is implied, it must appear that the property has been in the exclusive control of the public for a period long enough to raise the presumption of a gift, and such presumption arises where there is proof of such use for a period of seven years, accompanied by evidence of such acquiescence on the part of the owner as would manifest his intention to make the gift. *Healey* v. *Atlanta,* 125 *Ga.* 736 (54 S. E. 749); *Johnson* v. *State,* 1 *Ga. App.* 195 (58 S. E. 265). Where the dedication is express, as where the owner of the soil either gives it by direct language or performs some such act as laying it out as a street and devoting it to the exclusive use of the public, and the same is so used for such a length of time that the public accommodation or private rights would be materially affected by an interruption of the enjoyment, the dedication becomes effectual, even though such period of seven years has not elapsed. *Davis* v. *State,* 9 *Ga. App.* 430 (71 S. E. 603).

2. Dedication, however, be it express or be it implied, and even though it be accompanied by general and continued adverse use by the traveling public, will never become sufficient, under the rule obtaining in this State, to impress upon the road the character of being a public one, and thus impose upon the county authorities the duties and responsibilities incident thereto; but before a road, no matter in what manner it may have been dedicated to the public, shall become a public highway, there must be some act on the part of the duly constituted county authorities which will amount to an acceptance of it as such on their part. Such acceptance need not necessarily be directly made. It may itself be implied. Work and maintenance of such a road as a public highway by the legally constituted authorities is the most usual method of manifesting their acceptance; but the exercise of other dominion over it, or the assertion of claim thereto by such authorities may amount to such recognition of the dedication as to indicate acceptance. *Penick* v. *County of Morgan,* 131 *Ga.* 385 (62 S. E. 300); *McCoy* v. *Central Railway Co.,* 131 *Ga.* 378 (62 S. E. 297).

3. Plaintiff's petition, both as originally filed, and as amended, is a claim for damages based upon the obstruction by defendant of a section of public road, "forming a part of the highways of said county," "accepted by the public and used by the public as a public thoroughfare and highway" for a period of thirteen months. No claim is made for the interruption of rights had in a private way. In response to the defendant's special demurrer pointing out that the petition failed to show when, how, and by what authority the alleged public road was accepted by the public, the plaintiff amended her declaration by setting up that the road "was accepted by the public by use by the public." *Held:* (a) The allegation thus made by the amendment not only fails

to show acceptance of the road as a public highway, but negatives such an acceptance. (b) Under the claim as made, and the theory on which the plaintiff relied for recovery, it is unnecessary to determine whether or not the facts indicated might, under proper allegations, present a cause of action in favor of the plaintiff by virtue of her rights in an easement or private way. *Healey* v. *Atlanta*, supra.

4. The action for damages contains only one count, and a lump sum is claimed; first, because the defendant had closed an alleged public highway adjoining plaintiff's land, and destroyed the ingress and egress to and from plaintiff's property; and second, because the defendant had, in opening a highway about one hundred yards south of the plaintiff's property, made a fill across a small stream, whereby the flow of water in the stream was stopped, thus causing the same to back upon and overflow the property of the plaintiff, thereby permanently destroying such property for building purposes. *Held:* While "All claims arising ex contractu between the same parties may be joined in the same action, and all claims arising ex delicto may in like manner be joined" (Civil Code of 1910, § 5521), the petition was nevertheless subject to a special demurrer on the ground that there was an attempt to join two separate and distinct causes of action in one and the same count. *Gainesville & Dahlonega Electric Ry. Co.* v. *Austin*, 122 *Ga.* 823 (50 S. E. 983); *Colquitt* v. *Georgia Railway & Power Co.*, 146 *Ga.* 249 (91 S. E. 70); *Harris* v. *Wilcox*, 7 *Ga. App.* 121 (66 S. E. 380).

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 12, 1918.

Action for damages; from Troup superior court—Judge Terrell. January 15, 1918.

*Hatton Lovejoy*, for plaintiff in error.

*Boyd A. Lovvorn, Henry Reeves, E. A. Jones*, contra.