ARGUED NOVEMBER 14, 1967—DECIDED NOVEMBER 22, 1967.

*David H. Fink,* for appellants.

*Grant, Spears & Duckworth, William G. Grant, Murphy Candler, Jr., Herbert O. Edwards,* for appellees.

24357. COOPER v. BUTLER.

798

*Walter V. Beasley,* for appellant.

*C. Eugene Gilbert, James F. Cox,* for appellee.

ALMAND, Presiding Justice. Culmon Butler alleging that he was the lawful husband of Anna Smith Butler filed his petition in Fulton Court of Ordinary to set aside the probate of the will of his wife. It was alleged that the will was probated on the application of Marion Jones Cooper and that said propounder exercised a fraud and misrepresentation upon the court in knowingly failing to name plaintiff as one of the testatrix's heirs and knowingly misrepresenting the value of the estate. It was further alleged that the purported will of Anna Smith Butler was executed on August 23, 1953, and that an oral contract of marriage was entered into by Anna Smith and Culmon Butler on December 26, 1953, after which they cohabited and lived together as husband and wife and that by reason of such marriage the will was revoked. After a hearing, the ordinary entered judgment finding that the will of Anna Smith executed in August of 1953 was revoked by her subsequent marriage to plaintiff in December of 1953, and setting aside the probate of her will.

Marion Jones Cooper, the propounder, and the executrix of the estate of Anna Smith, appealed this order to the Superior Court of Fulton County. Her demurrers to the petition were overruled (on which order no error is assigned), and the case proceeded to a trial before the court and a jury. The jury returned a verdict in favor of the plaintiff Butler, and the court entered a decree setting aside the probate of the will.

The motions of Marion Jones Cooper for a judgment notwithstanding the verdict and for a new trial were overruled, and the

appeal is from these orders as well as 18 other special assignments of error which relate to matters occurring on the trial.

■ *The general grounds.* The main and controlling issue in this case is whether the evidence supports the finding of the jury that Anna Smith subsequent to the execution of her will in August of 1953 entered into a common law marriage with Culmon Butler. The transcript of the record consisting of more than 450 pages discloses much evidence by many witnesses as to the kind and character of the marital status of Anna Smith and Culmon Butler subsequent to the time the will of Anna Smith was executed. We have carefully examined the evidence and find it was sufficient to support the verdict of the jury which found that Anna Smith and Culmon Butler entered into a lawful common law marriage subsequent to the execution of her will. The court properly set aside the probate of the will and did not err in overruling the motions for a judgment notwithstanding the verdict and for a new trial on the general grounds.

■ *The special grounds.* Of the 18 enumerations of error which relate to matters occurring on the trial, only grounds 3, 8, 9, 10 and 12 require any detailed comment.

■ Ground 3 asserts that the court erred in applying the rule of sequestration of witnesses in refusing to allow a beneficiary under the will of Anna Smith to remain in the courtroom. It does not appear that such beneficiary was a party to the case. "Where there is an order for the separation of witnesses, exceptions therefrom as to witnesses not parties to the case, are discretionary with the court." *Central R. & Bkg. Co. v. Phillips,* 91 Ga. 526, 527 (17 SE 952).

■ Ground 8 charges that the court erred in permitting a witness to answer the following question: "whether or not Anna [Smith] ever said whether or not she was married." The objection was that the answer would be hearsay. Declarations of deceased parties to a common law marriage are admissible in evidence for the purpose of showing the character of the cohabitation. *Drawdy v. Hesters,* 130 Ga. 161 (3) (60 SE 451, 15 LRA (NS) 190). The ruling on this ground is likewise applicable to grounds 9, 10 and 12.

We have examined the remaining enumerations of error and find that none of them shows reversible error.

*Judgment affirmed. All the Justices concur.*