## 48346. FAIR v. THE STATE.

Evans, Judge. The defendant was indicted in Count 1 for a burglary which occurred on May 13, 1972, and in Counts 2 and 3 for criminal attempt to steal a motor vehicle and possession of a firearm during the commission of a crime which occurred on May 22, 1972.

Before arraignment, defendant filed a special demurrer or motion to quash, contending the indictment charged two separate and distinct offenses, not of the same class or species; praying that the indictment be quashed, or in the alternative, that the court require the state to elect which charge it shall pursue, and quash the charge not pursued. After hearing, the demurrer was overruled.

The case proceeded to trial, resulting in a conviction on all counts with sentences of 10 years, 3 years and 5 years, respectively, to be served consecutively as to each sentence. Defendant appeals. *Held:*

The sole complaint is to the overruling of the special demurrer or motion to quash. It is well settled that a defendant cannot be charged with separate and distinct offenses on the same indictment, unless the offenses are of the same nature, class or species, or arise out of or constitute but one transaction involving the same conduct of the accused. See Code Ann. § 26-506; *Henderson v. State,* 227 Ga. 68 (1) (179 SE2d 76); *Pass v. State,* 227 Ga. 730 (3) (182 SE2d 779); *Gilbert v. State,* 65 Ga. 449 (1); *Belcher v. State,* 19 Ga. App. 439 (91 SE 879).

Clearly, the crimes alleged here do not arise out of the same transaction or conduct of the defendant. Are they of the same nature, class, or species? One involves theft by breaking and entering; the other attempted theft and possession of a firearm during another criminal enterprise.

While under the Biblical Commandments, or Moses' Law, they involve elements of stealing; under our statute law they are dissimilar and cannot be tried together unless they arise out of the same conduct. They do not so arise, and it doubtless prejudiced defendant by trying all of the offenses together. The conduct of the defendant in other transactions is irrelevant, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct. Code § 38-202. "Once a thief, always a thief" should not be

applied to the defendant while on trial for various, separate and distinct activities on different occasions. The witnesses differ and the elements of the crime differ. Although an intent to steal is involved in two counts, the possession of the firearm in the May 22nd episode has nothing to do with the breaking and entering of a dwelling and taking of private property on May 13. The error which results from overruling the special demurrer rendered nugatory all other proceedings in the case.

*Judgment reversed. Hall, P. J., and Clark, J., concur.*

SUBMITTED JULY 10, 1973 — DECIDED SEPTEMBER 5, 1973.

*James E. McDonald, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., James W. Smith,* for appellee.