## 49667. LEGGETT v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted, tried and convicted of violation of Criminal Code § 26-1501 (a) involving an alleged public road by digging ditches across the road, stretching wires across the road and placing debris and nails in the road in a manner so as to endanger human life and property. She appealed. The only question presented on appeal is whether the evidence was sufficient to authorize a jury to find that the alleged road was a public road. *Held:*

1. In order to constitute a dedication to public uses, an offer expressed or implied on the part of the owner to dedicate land to such use must be shown, and there must be an acceptance, expressed or implied, of use of the land by the public authorities. *Brown v. City of East Point,* 148 Ga. 85 (1) (95 SE 962); *Hyde v. Chappell,* 194 Ga. 536 (2) (22 SE2d 313); *Savannah Beach, Tybee Island v. Drane,* 205 Ga. 14 (1) (52 SE2d 439); *Maddox v. Willis,* 205 Ga. 596 (2) (54 SE2d 632); *Johnson v. State,* 1 Ga. App. 195 (5) (58 SE 265).

Acquiescence in the use of the road as a public road and in the maintenance of the same by the county authorities may constitute a dedication (see *Mayor & Council of Macon v. Franklin,* 12 Ga. 239 (3); *Brunswick & Western R. Co. v. Mayor &c. of Waycross,* 91 Ga. 573, 574 (17 SE 674); *Atlanta R. &c. Co. v. Atlanta Rapid Transit Co.,* 113 Ga. 481, 492 (39 SE 12); *Volunteer State Life Ins. Co. v. Powell-White Co.,* 196 Ga. 372 (7) (26 SE2d 815)), and if such acquiescence continues for a period of time sufficient to constitute an implied gift, the dedication is complete. *Georgia R. &c. Co. v. City of Atlanta,* 118 Ga. 486 (4) (45 SE 256); *Healey v. City of Atlanta,* 125 Ga. 736 (3) (54 SE 749); *Hutchinson v. Clark,* 169 Ga. 511 (2a) (150 SE 905); *Shirley v. Morgan,* 170 Ga. 324 (4) (152 SE 831). Acquiescence for seven years is sufficient under the gift theory. *Hillside Cotton Mills v. Ellis,* 23 Ga. App. 45 (1) (97 SE 459).

The assent by the owner and the maintenance of the road by the public authorities for a period of seven years is all that is necessary. *Mayor &c. of Macon v. Franklin,*

12 Ga. 239 (3), supra; *Atlanta R. &c. Co. v. Atlanta Rapid Transit Co.,* 113 Ga. 481, 492, supra; *Hillside Cotton Mills v. Ellis,* 23 Ga. App. 45 (1), supra.

2. The evidence in the present case was sufficient to authorize a finding of either an express or implied dedication to public use by the two owners of the land through which the road ran, one of which was the defendant's predecessor in title. There was also ample evidence that the express dedication occurred in June of 1960, and that the county had impliedly accepted the dedication by cutting the new road and maintaining it from 1960 to the time of trial in 1974.

*Judgment affirmed. Evans and Webb, JJ., concur.*

ARGUED SEPTEMBER 4, 1974 — DECIDED OCTOBER 7, 1974.

*Hill, Jones & Farrington, Bobby L. Hill,* for appellant.

*John W. Underwood, District Attorney,* for appellee.