34723. HORTON et al. v. WAYNE COUNTY.

NICHOLS, Chief Justice.

Homer S. Horton and his sister, Ann Horton Mitchell, appeal from a judgment entered on a jury verdict, the effect of which is to adjudicate that an unpaved, narrow roadway across their property impliedly has been dedicated as a county road. Horton's former wife, Inez, lives in Horton's house at the end of the roadway in

accordance with provisions of their final judgment and decree of divorce. The county has been maintaining the roadway since 1961 or 1962 at the request of the former Mrs. Horton and with the knowledge of Mr. Horton. Mr. Horton and his sister sought by their complaint for trespass, filed on March 7, 1978, to enjoin the county from coming upon the roadway.

1. Horton and his sister first enumerate as error the denial of their motion for directed verdict. The trial court correctly denied the motion if the evidence, together with all reasonable deductions therefrom, considered in the light most favorable to the county as respondent to the motion, disclosed any material issue for jury resolution, and did not demand a verdict for Horton and his sister. Code Ann. § 81A-150 (a); *North Ga. Production Credit Assn. v. Vandergrift,* 239 Ga. 755, 761 (1) (238 SE2d 869) (1977); *Giddings v. Starks,* 242 Ga. 457, 458 (249 SE2d 203) (1978).

The intention and offer of an owner to give a roadway to a county for public use and the county's acceptance of the offer of gift giving rise to an implied dedication of the roadway for public use may be established by evidence of the owner's acquiescence in the use of the roadway by the public and maintenance or improvement of the roadway by the county with public funds over a period of seven years. *Mayor &c. of Macon v. Franklin,* 12 Ga. 239 (1852); *Ga. R. & Bkg. Co. v. City of Atlanta,* 118 Ga. 486 (45 SE 256) (1903); *Healey v. City of Atlanta,* 125 Ga. 736 (54 SE 749) (1906); *Tift v. Golden Hardware Co.,* 204 Ga. 654 (51 SE2d 435) (1949); *Haslerig v. Watson,* 205 Ga. 668 (54 SE2d 413) (1949); *East v. Mayor &c. of Wrightsville,* 217 Ga. 846 (126 SE2d 407) (1962); *Hillside Cotton Mills v. Ellis,* 23 Ga. App. 45 (97 SE 459) (1918); *Leggett v. State,* 132 Ga. App. 815 (209 SE2d 257) (1974).

There was evidence that since 1961 or 1962 the county had maintained the roadway at the county's expense by grading its surface and ditches and by repairing washouts of its embankments. Further, there was evidence that the county had improved the road using county funds by installing an old tank car with the ends cut out to serve as a culvert. There was evidence both that Horton repeatedly had objected to the county's coming

upon the land to do the work and that he merely had objected repeatedly to the manner in which the work had been accomplished. Parts of the roadway are used by the former Mrs. Horton, by Mr. Horton and by the general public. Inez Horton wants the county to maintain the road. Horton and his sister want the county to leave the road alone. The past and present county administrators testified that they consider the roadway to be a part of the county road system. Horton and his sister testified that the roadway is privately owned by them.

There being conflicts in the evidence as to elements of implied dedication, the trial court did not err in refusing to direct a verdict for Mr. Horton and his sister.

2. The past and present county administrators were not testifying as to the ultimate fact when they swore that the roadway is part of the county road system. Rather, their testimony was admissible on the issue of whether or not the county had accepted dedication of the roadway either expressly or by implication. *Ross v. Hall County Bd. of Comrs.*, 235 Ga. 309 (219 SE2d 380) (1975).

3. The trial court permitted Inez Horton, the former wife of Homer S. Horton, to remain in the courtroom as an exception to the rule of sequestration of the witnesses because of her direct interest in whether or not the county was going to be able to maintain the roadway. Inez Horton was not formally a party to the case although, as the legal occupant of Homer Horton's house at the end of the roadway, she was the only person having a real interest in whether or not the county would continue maintaining and improving the roadway. The county attorney had stated in his place that the outcome of this case "really is not going to upset the county one way or the other."

The objection made by Homer Horton and his sister related alone to Inez Horton's being permitted to remain in the courtroom. No motion was made that she be called first, and no objection was made as to the sequence in which she was called as a witness. Accordingly, the only question presented is as to whether or not she should have been excluded from the courtroom.

Where there is an order for separation or sequestration of the witnesses, exceptions to the rule pertaining to witnesses who are not parties to the case are

discretionary with the trial court, and the trial court will not be reversed, whether the witness is excluded or is permitted to remain, unless under the facts of the particular case the trial court has abused that discretion. Code Ann. § 38-1703; *Central R. Co. v. Phillips,* 91 Ga. 526 (1) (17 SE 952) (1893); *Groover v. Simmons,* 161 Ga. 93 (2) (129 SE 778) (1925); *Cooper v. Butler,* 223 Ga. 797 (2a) (158 SE2d 244) (1967). Nothing said in the case of *Poultryland, Inc. v. Anderson,* 200 Ga. 549 (2) (37 SE2d 785) (1946), and its progeny precludes the trial court from exercising a sound legal discretion under the facts of a case concerning whether or not to allow a person who is not a party to remain in the courtroom as an exception to the rule of sequestration.

In the present case, Homer Horton and his sister sought to enjoin the county from coming upon their lands to maintain and to improve the roadway. Their contentions were adverse to the interests of Inez Horton, who wanted the roadway to be maintained by the county. On the other hand, Inez Horton's interests in the house and roadway would preclude a judgment ousting her as a trespasser, the relief sought against the county. Furthermore, the county, through the county attorney, took the position that the county really did not care about the outcome of the litigation. The trial court, therefore, could have concluded that the efficiency of the adversary process would have been impaired by the exclusion from the courtroom of the person with the real adverse interest — Inez Horton. *Poultryland, Inc. v. Anderson,* supra. Under these facts this court cannot conclude that the trial court abused its discretion in excepting Inez Horton from the ruling requiring individual examination of the witnesses.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 9, 1979 — DECIDED
MAY 30, 1979 — REHEARING
DENIED JUNE 22, 1979.

*William A. Zorn,* for appellants.
*Thomas & Howard, W. Glover Hausman, Jr.,* for

appellee.