63060. WALDEN v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

MCMURRAY, Presiding Judge.

This is a personal injury case in which the plaintiff contends he was struck by a bus in the City of Atlanta, the said bus being owned by the Metropolitan Atlanta Rapid Transit Authority. He alleges that the defendant's negligence by and through its authorized driver was the proximate cause of his injuries.

The defendant, inter alia, denied the complaint but admitted, for the purpose of this litigation, the jurisdiction of the court, otherwise denying the claim. Plaintiff later amended his complaint to enlarge upon the damages he suffered both as to medical bills, pain and suffering, nursing care and lost wages. The case proceeded to trial and resulted in a verdict and judgment for the defendant. The motion for new trial, as amended, was thereafter filed and denied after a hearing. Plaintiff appeals. *Held:*

The first enumeration of error is that the trial court erred in excluding the plaintiff from the courtroom over his objection while a

defense witness, the driver in this instance, was called by the plaintiff for the purpose of cross-examination. At first blush it would appear from the cases cited by the plaintiff that the trial court was in error in excluding the party under the rule of sequestration during the progress of the trial. *St. Paul Fire &c. Ins. Co. v. Brunswick Grocery Co.,* 113 Ga. 786 (1), 789 (39 SE 483), states clearly that a party to the issue on trial has a right to be present and in that case it was, "manifestly erroneous to exclude her from the court-room." See also in this connection *Georgia R. &c. Co. v. Tice,* 124 Ga. 459, 460 (3), 465 (52 SE 916), where it is clearly stated that the rule of sequestration of witnesses does not apply where the witness is a party, although there may be several parties on the same side of a case who are to be witnesses. See also *Knox v. Harrell,* 26 Ga. App. 772 (1) (108 SE 117). But counsel for defendant has cited *Davis v. Atlanta Coca-Cola Bottling Co.,* 119 Ga. App. 422 (2) (167 SE2d 231), that the trial court did not err "upon request for sequestration of witnesses, in giving the plaintiff the option of testifying first himself or leaving the courtroom while he first presented other witnesses. The action of the court was proper to preserve the defendant's right to sequestration of the witnesses and the plaintiff's right to be present during the whole trial of the case," citing *Tift v. Jones,* 52 Ga. 538 (4), 539, 542. The *Tift* case clearly states in headnote 4 that if a party intends to be a witness for himself and sequestration is called for, that "it is the proper rule, unless there be special reasons to the contrary, that such party should first be examined in the absence of his other witnesses, in order that he may thereby be present, as is his right, during the whole trial of his case." At page 542 the Supreme Court cites the sequestration rule (now Code § 38-1703) and that if the party "intends to be a witness for himself, it would be a proper rule that such party should be first examined, unless there be reasons to the contrary, in the absence of his other witnesses. This would preserve his right to be present in the court during the whole trial of his case." That court then cites situations wherein the trial court might not require that he be ordered to be examined first but the particular circumstances of each case must control, "under the discretion of the court" and that the trial court's discretion should not be interfered with unless clearly abused (at page 543 of the reprint), "and the courts will doubtless take care that the party proposing to be a witness shall not willfully disregard the rule, nor the other party improperly disable him in the exercise of every right the law gives him." Under the stipulation of facts on which this appeal is based, the parties only agreed, among other things, that the plaintiff had the burden of proof and called the employee, an agent of the defendant (the driver of the bus), ostensibly for the purpose of cross-examination, at which time the

trial court on its own motion, ordered that the plaintiff sequester himself from the courtroom while this witness was cross-examined by the plaintiff's attorney over the objection of plaintiff's attorney. No transcript of the trial is before the court inasmuch as the parties had agreed it would not be necessary for the plaintiff to file the transcript since counsel for plaintiff in the motion for new trial was only insisting on the alleged error in sequestering the plaintiff from the courtroom during the cross-examination of the defendant's employee and agent. The stipulation of facts fails to disclose that the plaintiff himself was appearing as a witness in his own behalf. However, an amendment to the stipulation of facts contains the language that the plaintiff called this witness "before plaintiff himself testified." Under the circumstances of this case the trial court did not abuse its discretion in excluding the plaintiff from the courtroom over his objection while a defense witness was testifying on cross-examination. Had the plaintiff testified as a witness first a different situation would have occurred, and we decline to speculate on whether or not in that situation the trial court would have required that he be sequestered as to the witness on cross-examination. We do not find the enumeration of error based upon the above, as well as the overruling of the plaintiff's motion for new trial, as amended, to be meritorious. See *Boutelle v. White,* 40 Ga. App. 415 (1) (149 SE 805); *Cone v. Davis,* 66 Ga. App. 229, 238 (14) (17 SE2d 849); *Chrysler Corp. v. Wilson Plumbing Co.,* 132 Ga. App. 435, 443 (6) (208 SE2d 321).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 24, 1982 —
REHEARING DENIED MARCH 18, 1982.

*Larry Cohran,* for appellant.
*Thomas G. Sampson, Charles R. Coleman, Linwood R. Slayton, Jr.,* for appellee.