63063. BOWEN v. NATIONAL SERVICE INDUSTRIES, INC.

POPE, Judge.
This is a personal injury case in which the plaintiff contends she was injured by a chair lift at Ghost Town, an amusement park in

Maggie Valley, North Carolina. She initiated this tort action for negligence. The case was heard before a jury which returned a verdict in favor of the defendant. Plaintiff appeals.

1. Plaintiff's first enumeration of error is that the trial court erred in excluding her from the courtroom while her daughter, an eyewitness to the incident, testified. The daughter was called as the plaintiff's first witness. The trial judge, upon defendant's request for sequestration of witnesses, stated that he might ask the plaintiff, who was expected to testify to the same matter, to leave the courtroom while her daughter's testimony was presented. Ordinarily, if a party intends to be a witness for himself and sequestration is called for, then that party should be first examined in order to protect his right to be present during the whole trial of the case. *Walden v. MARTA,* 161 Ga. App. 725 (288 SE2d 671) (1982). However, in the present case plaintiff's counsel made no objection to the judge's statement that he might ask the plaintiff to leave the courtroom during her daughter's testimony. In fact, the plaintiff's attorney stated to plaintiff, "Step outside in the witness room if you will." We deem this as a waiver of plaintiff's right to be present during the testimony of her daughter and thus no error appears.

2. Plaintiff complains that no evidence was introduced at trial which would support the judge's charge to the jury regarding the defense of legal accident. No objection was made to this charge at trial and this enumeration of error is raised for the first time on appeal. There was evidence which would authorize a finding that the fall and resulting injuries occurred even though neither party was negligent. *Pirkle v. Triplett,* 155 Ga. App. 945 (3) (274 SE2d 59) (1980). We find no error harmful as a matter of law and we therefore reject her complaint concerning the charge. *Cassier v. Golden,* 151 Ga. App. 618 (2) (260 SE2d 750) (1979).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 12, 1982.

*James S. Lanier,* for appellant.
*Ben L. Weinberg, Jr., W. Anthony Moss,* for appellee.