### 73463. HAYES et al. v. THE STATE.
(354 SE2d 655)

CARLEY, Judge.

Appellants Hillary Hayes, Jr. and Carolyn Hayes are brother and sister. They were tried together on an indictment containing four counts. Count One alleged that both appellants had committed armed robbery on December 16, 1985. Count Two alleged that both appellants had committed another armed robbery on December 16, 1985. Count Three alleged only appellant Carolyn Hayes' commission of an armed robbery on December 14, 1985. Count Four alleged only appellant Carolyn Hayes' commission of a theft by taking on December 14, 1985. As to Counts One and Two, the jury found appellants guilty. Appellant Carolyn Hayes was found not guilty on Count Three, but guilty on Count Four. Appellants bring the instant appeal from the judgments of conviction and sentences entered on the jury's guilty verdicts.

1. Appellants filed a motion to sever Counts One and Two from Counts Three and Four. The denial of the motion is enumerated as error.

Severance is an issue which generally arises in either one or the other of two different procedural contexts. There is the joinder of multiple offenses against a single defendant, which gives rise to the issue of whether the trial of the defendant on one or more of the counts should be severed from his trial as to any of the other counts. See generally *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975). There is also the joinder of multiple defendants for a single trial, which gives rise to the issue of whether one or more of the co-defendants should be afforded a separate trial from that of any of the other co-defendants. See generally *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975). The severance issue presented in the case at bar involves both situations. With regard to appellant Carolyn Hayes, severance

for separate trial was sought as to two of the four separate counts for which she was indicted. Appellant Hillary Hayes, Jr. sought, on the other hand, to sever his trial as to the only two counts of armed robbery for which he was indicted from the trial of his co-defendant on the remaining two counts for which only she was indicted. In *Padgett v. State*, 239 Ga. 556, 559 (238 SE2d 92) (1977), our Supreme Court addressed the issue of joinder and severance arising in the context of both multiple defendants and multiple offenses and held: "[T]wo or more defendants may be joined, even if conspiracy is not charged and all of the defendants are not charged in each count, when the several offenses were part of a common scheme or plan. . . . We find that two or more defendants charged with different offenses may be tried jointly where the offenses were part of a common scheme or plan." Since any possible error resulting from the failure to sever Count Three in the instant case has been rendered harmless by the acquittal on that count, we will address the enumerated failure to grant the motion to sever only from the perspective of Count Four. See *Bell v. State*, 141 Ga. App. 277 (1) (233 SE2d 253) (1977). Accordingly, the issue for resolution is whether the theft by taking offense that was charged in Count Four was a "part of a common scheme or plan" inclusive of the two armed robberies that were charged in Counts One and Two. *Padgett v. State*, supra at 556.

" '[W]here separate crimes are committed in order to accomplish *a single criminal purpose*, the crimes are said to constitute a single scheme or plan, even if they are somewhat removed from one another in terms of time and place.' [Cit.]" (Emphasis supplied.) *Whisenhunt v. State*, 156 Ga. App. 583, 587 (10) (275 SE2d 82) (1980). Thus, while the various co-defendants in *Padgett v. State*, supra, were not all charged with the same crimes, a single trial was authorized because all of the crimes charged were prostitution-related offenses which, when taken collectively, demonstrated that the co-defendants, although acting individually, had a "single criminal purpose" to engage in the illegal business of prostitution. See also *Goughf v. State*, 232 Ga. 178, 180 (1a) (205 SE2d 844) (1974) (burglary, motor vehicle theft and armed robbery all committed for purpose of obtaining narcotics); *Highfield v. State*, 246 Ga. 478, 482 (2) (272 SE2d 62) (1980) (murder and hindering apprehension of a criminal committed as related parts of a single scheme or plan to conceal a prior murder); *Mack v. State*, 163 Ga. App. 778 (1) (296 SE2d 115) (1982) (relative similarity of crimes coupled with an identical modus operandi).

Entirely unlike the above cited cases, the two armed robberies at issue in this case would appear to be entirely unrelated and totally dissimilar crimes from the prior theft by taking offense that the State had also sought to put in issue. "Clearly, the crimes alleged here do not arise out of the same transaction or conduct. . . . One involves

theft by [taking]; the other[s,] [robberies by use] of a firearm during another criminal enterprise. While under the Biblical Commandments, or Moses' Law, they involve elements of stealing; under our statute law they are dissimilar and cannot be tried together unless they arise out of the same conduct. They do not so arise, and it doubtless prejudiced [appellants] by trying all of the offenses together. . . . [Conduct] . . . in other transactions is irrelevant, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct. [Cit.] 'Once a thief, always a thief' should not be applied [as authority to conduct a single] trial for various, separate and distinct activities on different occasions. The witnesses differ[ed] and the elements of the crime differ[ed]. Although an intent to steal [was] involved in [all three counts], the possession of the firearm in the [December 16] episode[s] has nothing to do with the [theft by] taking of private property on [December 14]." *Fair v. State*, 129 Ga. App. 565-566 (200 SE2d 296) (1973). The only connection between Count Four on the one hand and Counts One and Two on the other would appear to be based upon the relationship of the co-defendants. All the crimes are alleged to have been perpetrated by members of the same family, appellant Carolyn Hayes acting individually as to the theft by taking and jointly with her appellant-brother Hillary Hayes, Jr. as to the armed robberies. However, simply "because both [appellants are] members of [the same] family, the [three crimes] are [not] part of a common scheme or plan. . . . We cannot infer a scheme [between members of the same] family which existed and motivated the [theft by taking on December 14]." *Haisman v. State*, 242 Ga. 896, 900 (3) (252 SE2d 397) (1979). There being no viable "common scheme or plan" connecting the theft by taking with the armed robberies, "[o]n motion, severance . . . [was] mandatory. [Cits.]" *Padgett v. State*, supra at 558. See also *Davis v. State*, 159 Ga. App. 356 (1) (283 SE2d 286) (1981). The trial court erred in denying appellants' motion to sever.

2. At the outset of the trial, appellants invoked the rule of sequestration. Accordingly, all of the State's witnesses, including the victims of the various crimes, were sequestered during the presentation of the State's case-in-chief. But see OCGA § 24-9-61.1. At the outset of the presentation of appellants' defense, however, the victims were present in the courtroom. Over appellants' objection, the trial court allowed the victims to remain in the courtroom during the presentation of the defense and, after then being resequestered, to testify in rebuttal. The trial court's ruling in this regard is enumerated as error.

"The rule of sequestration does not prohibit persons from remaining in the courtroom during the proceedings, but merely gives a right to either party to have the witnesses for the other party ex-

amined out of the hearing of each other. [Cit.]" *Stevens v. State*, 247 Ga. 698, 702-703 (6) (278 SE2d 398) (1981). "[T]he facts indisputably show in this case that the [State's] witness[es], [the victims], remained in the courtroom while [appellants'] witnesses were examined, despite the ruling to sequester; however, [they were then] used as the [State's rebuttal] witness[es] and their [rebuttal] testimony was not within the hearing of [each other]. These facts show no violation of the statute which requires only that witnesses of the *other party* be examined out of the hearing of *each other*. [Cits.] Therefore, argument . . . that [the victims] had [no right to hear] the testimony of [appellants or of appellants' witnesses] is entirely irrelevant and shows no violation of the statute. [Cits.]" (Emphasis in original.) *Hall v. Hall*, 220 Ga. 677, 679 (1) (141 SE2d 400) (1965).

3. The trial court did not err in charging on the issue of flight. See generally *Goodrum v. State*, 158 Ga. App. 602, 604 (5) (281 SE2d 254) (1981).

4. After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellants' guilt of the respective charges beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, for the reasons discussed in Division 1, appellants must be afforded a new trial as to the two armed robbery counts and appellant Carolyn Hayes must be afforded a separate new trial as to the theft by taking count.

*Judgments reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 3, 1987.

*David A. Fox*, for appellants.
*Bruce L. Udolf, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellee.