## 73371. BATTEN v. BATTEN.
### (356 SE2d 228)

McMurray, Presiding Judge.

E. L. Batten died in 1984, survived by his widow and their seven adult children. An application for letters of administration of the estate of E. L. Batten was filed by Clinton Batten, one of the children. Aubrey Batten (Clinton's brother) filed a caveat to the petition for appointment of Clinton Batten as administrator. The caveat was denied and Aubrey Batten appealed to the superior court where a trial de novo resulted in a verdict in favor of Clinton Batten as administrator of the E. L. Batten estate. Aubrey Batten appeals. *Held*:

1. An appeal from the probate court to the superior court places the matter in the superior court for a trial de novo. In such cases the superior court has the same jurisdiction as was possessed by the probate court, and only the matter presented to the probate court can be relitigated. *Mathews v. Mathews*, 136 Ga. App. 833, 837 (222 SE2d 609); *Williams v. Calloway*, 171 Ga. App. 286, 288 (2) (319 SE2d 500). See also *Maloy v. Maloy*, 134 Ga. 432, 433 (2) (68 SE 80); and *Knowles v. Knowles*, 125 Ga. App. 642, 645 (1) (188 SE2d 800).

Appellant contends the superior court erred in denying his motion to enforce a purported settlement agreement and to make same the final order of the court. The purported settlement agreement pro-

vides for the division of and distribution of the estate, and thus extends to matters clearly beyond the limited jurisdiction of the superior court in this proceeding. This enumeration of error is without merit.

2. Appellant contends the superior court erred in striking his amendment to caveat and limiting the issues at trial to the issues set forth in appellant's original caveat. OCGA § 15-9-89 provides: "The petition and caveat shall be amendable at all times and in every particular." "When a case is [in superior court] on appeal [from probate court], any amendment, whether in matter of form or substance, may be made which could have been made while the case was in the primary court." *Robinson v. McAlpin*, 130 Ga. 489, 491 (61 SE 115). See *Wofford v. Vandiver*, 72 Ga. App. 623, 627 (4) (34 SE2d 579).

Appellant's original caveat opposed the appointment of Clinton Batten as permanent administrator for a number of reasons including the belief, of a majority of the distributees of the estate, that it would be in the best interest of all the distributees if a co-administrator was appointed, that appellant had been selected by the majority of distributees as the proposed co-administrator, and that the application for permanent letters of administration was defective in that the widow's selection was not attached or proper notice given as to the hearing on the application.

The amended caveat added five additional grounds. Numbers one and five are predicated on the purported settlement agreement contending that such represents a full, complete and satisfactory discharge of the matter before the court and that "Clinton Batten is estopped and has waived any right to contest this matter." In view of the fact that the transcript of the purported settlement agreement indicates that therein it was agreed that Clinton Batten would be appointed permanent administrator of the estate, any opposition to the appointment of Clinton Batten predicated upon the settlement agreement is totally illogical and without merit. Therefore, the superior court did not err in striking grounds one and five.

Grounds 2, 3 and 4 of the amended caveat suggest that the widow's consent to the appointment of Clinton Batten was the result of undue influence and was not freely and voluntarily executed, that Clinton Batten is unsuitable due to financial conflicts with the estate, and that Clinton Batten is not a fit or proper person to serve as administrator. Amended grounds 2, 3 and 4 address issues which could have been raised in the probate court and do not extend to matters beyond the scope of the proceeding (see Division 1). Therefore, we find that the trial court erred in striking grounds 2, 3 and 4 of appellant's amended caveat. *Payne v. Payne*, 229 Ga. 822, 824 (1) (194 SE2d 458). Compare *Echols v. Bridges*, 239 Ga. 25, 27-28 (235 SE2d 535).

3. Appellant contends the superior court erred in permitting the widow of E. L. Batten to remain in the courtroom during the trial and sitting at appellee's table. Appellant contends that her presence violated the rule of sequestration. See OCGA § 24-9-61. It is within the discretion of the trial court to make exceptions in regard to the sequestration of non-party witnesses, and unless that discretion is abused it will not be reversed. *Horton v. Wayne County*, 243 Ga. 789, 791 (3) (256 SE2d 775); *Cooper v. Butler*, 223 Ga. 797, 799 (2 (a)) (158 SE2d 244). The purpose of OCGA § 24-9-61 was served in that the excepted witness testified first. *General Oglethorpe Hotel Co. v. Lanier*, 99 Ga. App. 401, 402 (2) (108 SE2d 769). We find no abuse of discretion. *Hall v. Hall*, 220 Ga. 677 (1) (141 SE2d 400).

4. Appellant's remaining enumerations of error are rendered moot by our reversal in Division 2.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED MARCH 17, 1987 —
REHEARINGS DENIED MARCH 30, 1987 AND APRIL 1, 1987 —

*James D. Hudson*, for appellant.
*Berrien L. Sutton*, for appellee.