A90A1370. JUSTICE et al. v. KERN & COMPANY, INC. et al.
(398 SE2d 223)

CARLEY, Chief Judge.
Appellant-plaintiffs brought this tort action against appellee-defendants and the case was tried before a jury. A verdict was returned in favor of appellees and appellants appeal from the judgment that was entered on the jury's verdict.

1. The trial court ordered that appellants either testify first or be sequestered during the testimony of their witnesses. This order is enumerated as error.

"The record shows that after appellee[s] moved for sequestration of the appellant[s], the trial court offered the appellant[s] the option of testifying first and remaining in the courtroom during the testimony of [their] witnesses, or remaining outside the courtroom until such time as [they] chose to testify. . . . It has been generally held that the rule of sequestration, OCGA § 24-9-61, does not apply to a party to the case. [Cits.] However, the cases also recognize that where the plaintiff elects to call his own witnesses before testifying himself, the trial court has a broad discretion to require either that the plaintiff testify prior to presenting the testimony of his witnesses, [cits.], or that the plaintiff be excluded from the courtroom prior to the time he chooses to testify. [Cits.] We hold that under the circumstances of this case the trial court did not abuse its discretion in offering the appellant[s] the option of testifying first or remaining outside the courtroom until [they] chose to testify." *Barber v. Barber,* 257 Ga. 488 (1) (360 SE2d 574) (1987). " 'The action of the court was proper to preserve the [appellees'] right to sequestration of the witnesses and [appellants'] right to be present during the whole trial of the case,' [cit.]." *Walden v. MARTA,* 161 Ga. App. 725, 726 (288 SE2d 671) (1982).

2. The trial court's purported refusal to sequester one of appellees' witnesses is enumerated as error.

The record shows that this witness "remained in the courtroom while [appellants'] witnesses were examined . . .; however, he was used as the [appellees'] first witness. . . . These facts show no violation of [OCGA § 24-9-61] which requires only that witnesses of the

*other party* be examined out of the hearing of *each other.* [Cits.] Therefore, argument of counsel that this witness had heard the testimony of [appellants' witnesses] is entirely irrelevant and shows no violation of the statute. [Cits.]" (Emphasis in original.) *Hall v. Hall,* 220 Ga. 677, 679 (1) (141 SE2d 400) (1965). See also *Hayes v. State,* 182 Ga. App. 26, 29 (2) (354 SE2d 655) (1987); *Hawkins v. State,* 260 Ga. 138, 140 (8b) (390 SE2d 836) (1990). "The purpose of OCGA § 24-9-61 was served in that the excepted witness testified first. [Cit.]" *Batten v. Batten,* 182 Ga. App. 442, 444 (3) (356 SE2d 228) (1987).

3. Appellants enumerate as error the trial court's failure to give their written request to charge on the distraction theory. See generally *Kres v. Winn-Dixie Stores,* 183 Ga. App. 854, 855 (1) (360 SE2d 415) (1987).

At the charge conference, appellees urged that this request was not adjusted to the evidence and appellants urged that it was. However, when the trial court stated it would not give the requested instruction, appellants made no objection. After the charge had been given, appellants objected to the trial court's failure to give certain of their requested instructions, but they did not object to the failure to give their requested instruction on the distraction theory.

"We do not characterize [appellants'] initial comment [in] the charge [conference] as raising any objection. . . . Furthermore, once the court announced its determination that it would [not] give the instruction, the [appellants] remained mute." *Turner v. Taylor,* 179 Ga. App. 574, 576 (4) (346 SE2d 920) (1986). In the absence of an objection, the failure to give appellants' requested instruction "cannot be considered on appeal. [Cits.]" *Nolen v. Murray Indus.,* 165 Ga. App. 785, 787 (5) (302 SE2d 689) (1983). Since the refusal to give the requested instruction does not come within the exception of OCGA § 5-5-24 (c), it follows that this enumeration is without merit.

4. The motion of appellee Ronco Irrigation, Inc., for the imposition of a $500 penalty for frivolous appeal is hereby denied.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1990 —
REHEARING DENIED OCTOBER 16, 1990 —

*Remler, Catts & Koski, Austin E. Catts, Middleton & Anderson, Robert H. Benfield, Jr.,* for appellants.

*Neely & Player, John W. Winborne III, Mary F. O'Malley, Jones, Brown & Brennan, Rebecca A. Copeland, Chambers, Mabry, McClelland & Brooks, Douglas F. Aholt, Rex D. Smith, Sullivan, Hall, Booth & Smith, John E. Hall, Jr., Roger S. Sumrall,* for appel-

lees.

